*10-21345.rr*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21345 CIV SEITZ

SALVADOR MAGLUTA,

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **PRELIMINARY REPORT AND RECOMMENDATION**

This cause is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE 1). The Court has reviewed the Motion, the Government's Response, and the Reply, all other pertinent portions of the record, and is otherwise fully advised.

### **Procedural History[1]**

In Case No. 91-6060-cr-Moreno (hereinafter "the trafficking case"), Movant Salvador Magluta ("Magluta") and Augusto Guillermo "Willy" Falcon ("Falcon") were charged, along with several other defendants, with offenses arising from their cocaine trafficking activities from January 1978 through April 10, 1991. Following a four-month trial, Magluta and Falcon were acquitted on all counts. In the years that followed, three members of the jury that acquitted Magluta and Falcon were convicted of offenses relating to their acceptance of bribes to vote for acquittals, and a number of defendants were also convicted of different charges associated with the killing and attempting killings of individuals who were witnesses or potential witnesses against Magluta and Falcon in the trafficking case, or the grand jury proceedings that led up to the indictment in that case.

_____

[1] The facts are taken in large part from the Government's Response.

The initial indictment in Case No. 99-583-Seitz, which is the subject of the instant motion, was returned on August 18, 1999, against Magluta, Falcon and ten other defendants. Superseding indictments added six more defendants. Magluta was eventually tried on the Fifth Superseding Indictment, which charged him as follows:

Count 1:  conspiring to violate 18 U.S.C. §§ 1503 and 401(3) by obstructing justice and violation of the restraining order in Case No. 91-6060-Cr-Moreno, all in violation of 18 U.S.C. §371.[2]

Count 2: conspiring to violate 18 U.S.C. §1956(a)(1)(B)(i) by laundering drug proceeds, all in violation of 18 U.S.C. § 1956(h).

Counts 3-5:  witness tampering by murder, in violation of §§1512(a)(1)(A), (a)(1)(C) and 2.

Counts 6 and 7:  obstruction of justice through witness bribery, in violation of 18 U.S.C. §§1503 and 2.

Count 8:  obstruction of justice through juror bribery, in violation of 18 U.S.C. §§1503 and 2.

Count 9:  obstruction of justice through subornation of perjury, in violation of 18 U.S.C. §§ 1503 and 2.

Count 10:  obstruction of justice through subornation of the flight of a witness, in violation of 18 U.S.C. §§1512(b)(1) and 2.

Counts 11-43: money laundering, in violation of 18 U.S.C. §§1956(a)(1)(B)(i) and 2.

(D.E. 1854).[3]

Magluta's lead trial counsel was Jack Denaro, Esq., who was assisted at trial by Neil Schuster, Esq. and Roderick Vereen, Esq. Martin Weinberg, Esq. also litigated certain pre-trial motions on behalf of Magluta. Prior to trial, Magluta unsuccessfully moved to dismiss money

---

[2]The restraining order was entered shortly after the return of the indictment in the trafficking case, and restrained a variety of property identified in forfeiture provisions in the indictment, including over $2 billion in cash.

[3]Certain co-defendants were severed and proceeded to trial in 2000 where they all were convicted.  Others, including Falcon, pleaded guilty.

laundering and forfeiture counts and to strike specified overt acts in Count 1, claiming the jury's verdict in the trafficking case created a jeopardy bar and/or collaterally estopped the Government from prosecuting him on those counts and particular overt acts. (DE 633, 1443). An interlocutory appeal to the Eleventh Circuit was taken and following briefing and oral argument, the Eleventh Circuit affirmed. United States v. Magluta, 273 F.3d 1114 (11th Cir. 2001).

Multiple other motions were filed by Magluta, through counsel, throughout the course of 99-583.[4] Additionally, the parties litigated the Government's Motion to admit under Rule 807 the prior testimony of cooperating witness Luis Barroso, which was denied.

Magluta's trial commenced in April, 2002, with ten days of jury selection. After a series of motions were filed and an evidentiary hearing held, on April 18, 2002, the Court struck the previously selected panel and ordered the selection of an anonymous and partially sequestered jury, with jury selection to commence on April 22, 2002 (DE 2038:1). Following another motion from the Government, the Court empaneled a totally sequestered jury in the Miami Division.

The jury heard opening arguments and the start of testimony on May 14, 2002, and the evidence concluded on August 2, 2002. The Government called over 100 witnesses and Magluta called over 35 witnesses. Prior to closing, the Government dismissed Counts 12, 21, 23, and 28 (DE 2525:14427; DE 2529:15553).

Closing argument was held from August 5, 2002 until August 7, 2002. On August 15, 2002, the jury returned its verdict, convicting Magluta on Count 1 as to both objects and also on Counts 2, 6, 8, and 34-41, while acquitting him of the remaining counts. (DE 2324). Following argument on the forfeiture allegations, the jury returned a special verdict forfeiting Magluta's right, title, and interest in $15,000,000 in United States currency, as well as in the real property at 12091 S.W. 51st Street in Miami, Florida (DE 2344).

Following the verdict, Magluta filed a motion for new trial and/or judgment of acquittal,

---

[4]These motions, their corresponding docket entries, and the Court's resolution of same are enumerated in the Governments' Response at pp. 11-14 and pp. 15-18.

which was denied. (DE 2388, 2572).

### Sentencing

The PSI recommended that the Court find that applicable sentencing guidelines for Magluta score out to a level 40 and criminal history category V, yielding an imprisonment range of between 360 months and life. (DE 2670:1-10). The Government objected to the absence of several recommendations that would have led to a higher offense level (DE 2554) and also filed a motion for upward departure. (DE 2556). Magluta objected to large portions of the PSI's offense section as well as most of the recommended sentencing guideline calculations (DE 2557), and also filed a motion for downward departure (DE 2606).[5]

The sentencing hearing lasted over the course of four days (DE 2684; DE 2687; DE 2688; DE 2695). At sentencing, Magluta was represented by Jack M. Denaro, Esq., Neil M. Schuster, Esq., Benson B. Weintraub, Esq. and Bruce Rogow, Esq. With several small exceptions, the Court adopted the PSI's offense section and overruled all of Magluta's objections to the recommended Sentencing Guidelines calculations. The Court sustained the Government's objection to the absence from the PSI of a 3-level specific offense characteristic under U.S.S.G. §2J1.7 for Magluta's commission of the Count 1 obstruction of justice conspiracy and Count 2 money laundering conspiracy while on release in Case no. 96-341-Cr-Lenard (DE 2724:433-48). This raised Magluta's total offense level to a level 43. With a criminal history category of V, Magluta scored out to a guideline imprisonment range of life imprisonment. (DE 2724:614; DE 2725:641-68). The Court further ruled that if any of its rulings denying Magluta's objections were in error, it would depart upward back up to a level 43. Accordingly, the Court sentenced Magluta to statutory maximum terms of imprisonment for all counts of conviction, running each one consecutive to the other, for an aggregate term of imprisonment of 205 years. The Court also reincorporated the jury's forfeiture verdict and imposed a fine of $62,997,915.00, due immediately. (DE 2696:6).

---

[5]These sentencing motions and corresponding related docket entries are listed at page 23 of the Government's Response.

### The First Appeal

Magluta appealed his conviction and sentence, raising numerous issues (the "first appeal").[6] Appellate counsel were Jack M. Denaro, Esq., Richard Strafer, Esq, and Bruce Rogow, Esq.  The Eleventh Circuit affirmed on all grounds, with the exception of holding that the Court erred by admitting as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E) statements made by the foreperson in the trafficking case, Miguel Moya, to an undercover FBI agent that the Government used to prove that Magluta had bribed Moya to bring about the acquittal in that case.  See United States v. Magluta, 418 F.3d 1166 (11th Cir. 2005).

The Eleventh Circuit held that the error required vacating Count 8, but that this did not upset the sentencing Court's pre-emptive upward departure for sentencing purposes relating to the corruption of the jury in the trafficking case and Magluta's culpability for orchestrating it.  Id. at 1180, 1184 n. 8.  The Eleventh Circuit authorized the Court on remand to re-impose Magluta's earlier sentence, less 120 months associated with Count 8.  Id. at 1186.

The Eleventh Circuit rejected Magluta's motion for rehearing and rehearing en banc.  See United States v. Magluta,163 Fed. Appx. 852 (11th Cir. 2005).   The Supreme Court denied Magluta's petition for a writ of certiorari.  See Magluta v. United States,548 U.S. 903 (2006).

### Proceedings on Remand

After a status conference on  remand for resentencing, Magluta was granted permission to be present at resentencing (DE 3008), which took place on November 29, 2006 (DE 3026).  After hearing arguments from the parties, the Court imposed the 195 year term of imprisonment authorized by the Eleventh Circuit, reinstituted the forfeiture verdict, and also reimposed the fine from the earlier sentence, less the $250,000 associated with Count 8, resulting in a fine of $62,747,915.00. (DE 3019).

---

[6]The initial and reply briefs are reproduced at 2003 WL 25200570 and 2004 WL 4802464, respectively.

## The Second Appeal

Magluta appealed the sentence ("the second appeal"), which the Eleventh Circuit affirmed. The Court denied the Motion for rehearing and for rehearing en banc. United States v. Magluta, 285 Fed. Appx. 744 (11th Cir. 2008). On April 27, 2009, the Supreme Court denied Magluta's petition for certiorari. Magluta v. United States, 129 S. Ct. 2050 (2009).

## Motion to Vacate

On April 27, 2010, Petitioner filed the instant Motion to Vacate, which raised 47 numbered claims, some with multiple arguments contained within each claim. The Motion, prepared on this Court's approved form and electronically signed by counsel, did not include a verification under oath by either Magluta or counsel. There were no affidavits or declarations attached to the Motion.

On May 5, 2010, this Court issued an Order to Show Cause, requiring the Government to respond to the Motion by July 6, 2010. After being granted several enlargements of time to respond, due to the numerous claims raised by Magluta, the Government filed a 240 page Response with the permission of the Court on November 15, 2010. As preliminary grounds for denial of the motion, the Government noted the fact that the motion was not verified, and argued that many of the claims are precluded under case law that calls for summary denial of conclusory, unsupported allegations. The Government further argued that many of the claims are not cognizable in a §2255 proceeding, and/or are procedurally barred. Finally, the Government argued that all of the claims are meritless, proceeding to respond to certain claims to the best of its ability, while preserving the preceding objections.

On November 22, 2010 Magulta moved for an enlargement of time to file a Reply, which was granted through and including February 21, 2011. A second motion was filed on January 31, 2011, and was granted through and including April 25, 2011. The third request, which was made on April 15, 2011, cited, *inter alia*, certain "case-specific concerns, along with additional factors affecting counsel's ability to complete work on the reply, including streamlining and eliminating areas that will not be pursued following the government's response - which in turn will enhance the fair and expeditious resolution of the petitioner's claims while furthering the goals of judicial efficiency and

conservation of judicial resources" (DE 25, p. 3). This Court granted that motion, through and including May 25, 2011, noting that no further enlargements would be granted.

On May 25, 2011, Magluta filed his sixty-eight (68) page Reply, with the permission of the Court, in which Magluta withdraws only two of his forty-seven numbered claims. The Reply also attaches four documents. "Appendix A" is an affidavit dated May 20, 2011, in which Magluta swears to the truth of the allegations in the 2255 Motion. "Appendix B" is a copy of page 14 of this Court's form 2255 Motion, which is signed by counsel Richard Klugh, and on which Magluta swears to the truth of the 2255 Motion, dated April 21, 2010.[7] "Appendix D" is an unsigned Affidavit on which Magluta states, *inter alia*, that he was "not aware of the value of my potential testimony about my state of mind and my understanding concerning the legality, purpose, and effect of the transactions - ... in October and December of 1998, as alleged in counts 34-41 of the fifth superseding indictment - in payment of my lawyers' fees." Magluta further states that if he had been "made aware of the relevance of these issues to the case," he "would have urged to testify truthfully on [his] own behalf." Magluta then proffers certain specific areas of testimony, and lists certain trial strategies that he states he would have pursued. Magluta filed an executed copy of Appendix D, signed on May 25, 2011, on May 29, 2011.[8]

In his Reply, in response to the Government's argument that his claims are vague, conclusory, and/or unsupported, Magluta requests that this Court allow him to amend his Motion pursuant to Rule 15 of the Rules of Civil Procedure "to amend such claims as may be viewed as imprecise." Reply p. 4. Magluta states that "leave to amend is sought not for the purpose of adding

---

[7] "Appendix C" is a copy of a CM-ECF Notice of Electronic Filing, which states that a case was electronically opened and administratively closed on April 27, 2010 at 8:00 a.m. EDT because there was "[n]o initiating document."

[8] The Reply contains a footnote which states that Appendix D "is an affidavit that has been signed by the movant, but as to which counsel does not have in hand the signature page, due to long distance mailings with the movant in USP Florence Colorado." It further states, however, that "Movant signed a prior version of the affidavit, but counsel will await receipt of this signed copy and file it as soon as received, within the next three business days." Reply at n. 5.

any claims, but solely to clarify those claims already presented by providing supporting facts, law and related details, thereby facilitating the fair and expeditious resolution of the instant motion." Reply p. 4.[9]

## DISCUSSION

### I. Request for Leave to Amend

The Government has correctly challenged Magluta's Motion as unverified, and not in compliance with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. The Court considers this a "technical" deficiency, which should be remedied by deeming the Motion amended to include Appendix A, particularly in light of Movant's counsel's representations concerning his technical difficulty in filing a signature page with the Motion (see Reply p. 3, n. 2.) See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000).

In the Reply, Magluta additionally requests that the Court deem his Motion amended to include certain additional facts contained in the Reply, and further requests that the Motion be amended to include Magluta's affidavit, Appendix D. Although Magluta improperly includes this request in his Reply, as opposed to filing a separate motion to amend, because Magluta's Motion to Vacate is, on its face, technically deficient, and therefore subject to being amended on that ground, this Court has also considered whether "justice ... requires" that Magluta be allowed to also amend his Motion to include these additional facts and affidavit. See Fed. R. Civ. P. 15(a)(2). The Court has determined that such an expansive amendment should not be allowed, based on undue delay and prejudice.[10]

As noted, Movant's Motion was filed on April 27, 2010. The Government placed Magluta on notice of alleged deficiencies in the Motion (which, regardless, should have been obvious its

---

[9]On June 23, 2011, Magluta filed a Motion for Leave to File Amended Reply Memorandum. That Motion is being denied by separate Order.

[10]As Magluta recognizes, this Court has discretion to deny the amendment due to "prejudice to the [Government], bad faith, or undue delay on the part of [Movant]...." Warner v. Alexander Grant & Co., 828 F.2d 1528, 1531 (11th Cir. 1987).

face) as of November 15, 2010 when it filed its Response. Magluta waited almost six months, until he filed his Reply, to request leave to amend his Motion, which had been filed over a year earlier, on the last day of the limitations period. See Mot. p. 3, n.2.[11] The final thirty day extension to file a Reply was granted by this Court based on Magluta's representation that he was attempting to "streamlin[e] and eliminat[e] areas that will not be pursued following the government's response," not to "cure" possibly deficient claims.

Magluta has cited several cases in support of his request to amend, which this Court does not find persuasive. Magluta is represented by counsel, and is not appearing pro se, a factor which undoubtedly influenced the Court in Mabry v. United States, 336 Fed. Appx. 961, 964 (11th Cir. 2009). Additionally, in Mabry, the issue was not whether amendment should be allowed in the first instance under Fed. R. Civ. P. 15(a), but rather, whether the newly raised factual claims should relate back to the original proceeding under Fed. R. Civ. P. 15(c), so as not to be time-barred. The case of Dean v. United States, 278 F.3d 1218 (11th Cir. 2002)(per curiam) is distinguishable in that the movant had requested permission in his motion to file a late brief after reviewing additional materials from his attorney and the court, and he filed his amended petition approximately four months (as opposed to over one year) later. Id. at 1221.

Moreover, the Court finds that the Government would be prejudiced by allowing the amendment Magluta seeks, in that it has already expended considerable time and effort attempting to respond to a myriad of issues with little factual support, almost no record references, at times indiscernable legal arguments (on the occasions where any law was cited at all). If otherwise deficient claims are allowed to be amended at this juncture, the Government will be required to expend additional time and resources revising its arguments and what was already a 240 page response. Furthermore, allowing amendment of insufficient claims may also raise additional

---

[11]As the Government noted it its Response to Magluta's Motion to file an Amended Reply, Magluta has been on notice of possible claims relative to the conviction since as early as July of 2005, when the Eleventh Circuit affirmed his conviction, and since November 2006 as to his resentencing.

possible defenses and arguments, which the Government would be entitled to assert, and Magluta would no doubt want to respond, further prolonging a case which has already been pending for a year.

Therefore, the Court recommends that Magluta's Motion should be deemed amended to include Appendix A, but that any further attempt to amend the Motion should be denied. The Court further recommends that numerous claims in the Motion which are insufficient on their face should be summarily denied.[12]

## II.  Claims subject to summary denial

Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings requires that Magluta state the facts supporting each ground for relief in his motion. The Eleventh Circuit has stated that "[i]f the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" Aron v. United States, 291 F.3d 708, 714-715 (11th Cir. 2002) (citations omitted). However, those allegations must be "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Id. at 715 n. 6 (emphasis added).

A court is not required to hold an evidentiary hearing based on mere conclusory allegations, including those made in an affidavit. See, e.g., Lynn v. United States, 365 F.3d 1225, 1239 (11th Cir. 2004), cert. denied, 543 U.S. 891 (2004); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is not entitled to an evidentiary hearing... 'when his claims are merely "conclusory allegations unsupported by specifics'"...)(quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990))(emphasis in original); Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1988) (finding that a §2255 petition can be dismissed without a hearing if "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact"); Vicars v. United States, 488 F.2d 531, 532 (5th Cir. 1973) (finding

---

[12]The Court finds that this preliminary recommendation is appropriate at this time, so that in the event that further briefing from the Government is required, the Government is required only to address facially sufficient claims.

allegation that petitioner "was taking (undescribed) drugs during the trial which rendered him incompetent to assist his counsel in his defense was merely general and conclusory.")

With respect to claims of ineffective assistance of counsel, "[a] petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem those acts or omissions deficient only if they 'were outside the wide range of professionally competent assistance.'" Strickland v. Washington, 466 U.S. 668, 690 (1984).[13] Ineffective assistance claims which are not plead sufficiently may be summarily dismissed without an evidentiary hearing. Compare Alvarez-Jacinto v. United States, No. 08-20728-CIV, 2009 WL 4348342, at *1 (S.D. Fla. Dec. 1, 2009) (finding evidentiary hearing not required where petitioner generally alleged that counsel "did not adequately advise him of the law regarding conspiracy") with Ramos v. United States, 301 Fed. Appx. 902, 904 (11th Cir. 2008) (finding petitioner entitled to evidentiary hearing where he claimed appellate counsel was ineffective in failing to advise him of disadvantages of pursuing an appeal and recited specific circumstances counsel failed to investigate and specific risks petitioner faced if direct appeal was only partially successful); see also Jones v. McNeil, No. 07-22890-CV, 2011 WL 845884, at *28 (S.D. Fla. Mar. 7, 2011) (finding that one sentence claim that "[t]he instructions given to Mr. Jones [sic] jury were inaccurate and dispensed misleading information regarding who bore the burden of proof as to whether a death or a life recommendation should be returned, and defense counsel unreasonably failed to object" was insufficiently pleaded and that it failed to even argue prejudice); Spillers v. Lockhart, 802 F.2d 1007, 1010 (8th Cir. 1986) (stating that it is proper to dismiss claims which do not provide "any specifics to identify precisely how his counsel failed to fulfill [counsel's] obligations"); United States v. Green, No. 07-cv-00367-WYD, 2009 WL 2884759, at *1-2 (D. Colo. Sept. 3, 2009) (finding evidentiary hearing not required on ineffective assistance claim based on failure to cross-examine

---

[13]Ineffective assistance claims require a showing that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 266 U.S. 668, 688, 694 (1984).

witness where petitioner made "conclusory allegations" and provided no record citations which would identify specific statements of witness which were allegedly inconsistent with trial testimony).

The same considerations apply to allegations of prosecutorial misconduct. See, e.g., United States v. Roane, 378 F.3d 382, 401 (4th Cir. 2004) ("[C]onclusory accusations that the Government should have known that a statement was false, without more, do not warrant an evidentiary hearing or offer escape from summary judgment."); Iacovetti v. United States, 534 F.2d 1189, 1191 (5th Cir. 1976) (finding no hearing required where "[t]he contention that the Government acted wrongly in suppressing evidence [was] merely conclusory and unsupported by any factual basis."); Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (finding no hearing required where petitioner made conclusory allegations that prosecutor knowing used false testimony, suppressed evidence or made false statements).

Where witness testimony is relied on in support of a claim, a petitioner must provide an affidavit from the witness confirming reasonably specific facts to which the witness would have testified. See United States v. Nelson, 984 F. Supp. 1368, 1372 (D. Kan. 1997); United States v. Romano, 516 F.2d 768, 771 (2d Cir. 1975) ("Romano has not produced any evidence of improper activity by the government and thus his motion relying on an affidavit, containing only conclusory allegations as to prosecutorial misconduct regarding Aspelund's testimony, was properly denied without a hearing."). Moreover, affidavits must contain evidence that the witness himself or herself would have testified, not mere hearsay statements from another witness. See Gray v. Epps, 616 F.3d 436, 443 (5th Cir. 2010), cert. denied, 131 S. Ct. 1785 (2011).

Based on the foregoing, the Court finds that the following claims should be summarily denied with prejudice based on the vague, unsupported and/or conclusory nature of the claims as stated in the Motion.[14]

---

[14]Of the multitude of claims raised, only eight contain any citations to the record. Although the Government, in addition to pointing out the facial deficiencies in the claims, did make an effort to address them on the merits, the Court finds that those deficiencies either prevented the Government from, or substantially hampered the Government's ability to, adequately and fully address the claims. In recommending summary denial of these claims, this

"<u>Claim 8.</u>  *Violation of the Fifth Amendment's due process clause and Sixth Amendment right to jury trial due to presentation of impermissible theory of guilt, exceeding scope of the criminal statute.*"

Magluta alleges that

> The government improperly relied at trial, and the jury was erroneously permitted to convict, as to Counts 2 and 34-41, on statutorily unsupported theories of the key components of the charges, including the terms "designed," "knowingly," "conducts," and "transaction" (transfer/writing), and the use of a theory of concealment that is invalid under intervening Supreme Court precedent.  *Regalado Cuellar v. United States*, 128 S. Ct. 1994 (2008) (rejecting government position that purposeful concealment of transportation of illegal proceeds satisfied § 1956 element of design to conceal).  The convictions thereby violated the movant's jury rights and right to jury determination of the relevant issues, by exceeding the permissible scope of the statute, warranting vacation of the convictions and, alternatively, the conditional granting of a new trial.

Mot. p. 1.[15]

Magluta's general allegation that the Government relied on "statutorily unsupported theories," without specifically identify those "theories," or providing any record references which might reveal such "theories," is vague and conclusory, and therefore that portion of the claim should be summarily denied.[16]

"<u>Claim 9.</u>  *Violation of the Fifth Amendment's due process clause in the government's failure to comply with the obligation to disclose information material to the defense for purposes of trial or sentencing and the government's reliance on an evidentiary theory that the government knew to be unsound and unreliable.*"

Magluta alleges in this claim, *inter alia*, that the Government "improperly relied on a false factual premise (including that the lawyers receiving the checks were unaware of the source and that

---

Court in no manner finds or suggests that any or all of the claims referenced are not also subject to being denied on additional grounds, including but not limited to not being cognizable in a §2255 motion, and/or due to a procedural bar.

[15]References to "Mot." refer to the "Addendum Stating 28 U.S.C. §2255 Claims."

[16]The Court finds that Magluta's argument concerning "the use of a theory of concealment that is invalid" under *Regalado Cuellar v. United States*, 128 S. Ct. 1994 (2008) is sufficiently clear to withstand summary denial.

the payments were structured to avoid a defunct protective order)" and further alleges that the Government failed to reveal "internal memoranda, interview notes, and analysis to the effect that the 'dumb lawyer' argument used by the government at trial was false, in that: (a) the lawyers were aware of the falsity of the checks identified in Counts 34-41; (b) the source and nature of the funds was not concealed from the lawyers; (c) and the government did not believe the purpose was to conceal from the lawyers, but the government gave the lawyers immunity from prosecution knowing that the lawyers sought immunity due to their awareness of the checks' derivation." Mot. p. 3.

This claim is insufficient in that first, Magluta offers no record cites or affidavits to support his contention that the lawyers receiving the checks were aware of the source or falsity of the checks. Furthermore, Magluta fails to cite to any portion of the record in which the Government "improperly relied on [the] false factual premise" - i.e., that the lawyers were unaware of the character of the checks, or otherwise relied on a "dumb lawyer argument." Accordingly, this claim should be summarily denied.

"**Claim 10.** *Instructional error in violation of the Fifth Amendment's due process clause and the Sixth Amendment right to a jury trial.*"

Magluta argues that "[t]he jury was not properly instructed as to concealment-design and other elements of the offenses alleged in Counts 2 and 34 - 41," "[b]ecause the instructions in this case insufficiently directed the jurors to focus on whether the defendant's purpose in conducting the transaction was to conceal statutorily pertinent aspects of the proceeds, rather than on the effective or intended concealment in the use of a mode of transacting, the jury was misled as to the crucial elements regarding the money laundering charges." Mot. pp 4- 5. The Court finds this claim vague and conclusory in that Magluta fails to identify the instruction(s) which he claims were "insufficient," and additionally fails to specify the particular jury instruction which the Court allegedly should have given. Accordingly, this claim should be summarily denied.

"**Claim 12.** *Violation of the Fifth Amendment's due process clause and Sixth Amendment right to jury trial due to presentation of impermissible theory of guilt, exceeding scope of the criminal statute.*"

In this first part of this multi-part claim, Magluta argues that the Government "improperly

14

relied and proceeded at trial on the basis of the indictment's amorphous and ambiguous theory of 'proceeds', rather than the statutory concept of property actually 'representing' the same, ...", and continues to argue that the jury was not properly instructed as to this "theory." Mot. p. 5. In the second portion of this claim, Magluta argues that due to the Government's use of this unidentified "actual proceeds theory," the trial court's substantive "underlying rulings as to motions for judgment of acquittal, jury instructions, and the admission and preclusion of evidence and arguments" must be reviewed. Id. at 5.

Magluta fails to provide any record references which might clarify which portions of the transcript he is referring to where the Government allegedly "relied" or "proceeded" on this "theory," and further fails to state any particular jury instruction which was erroneously given, or which was not properly given. The Court finds that this claim, in its entirety, is vague and conclusory, and therefore should be summarily denied.

### Claim 16. [Ineffective Assistance of Trial Counsel]

Magluta alleges:

> Trial counsel provided ineffective assistance in failing to present a defense of lack of intent to conceal from the attorney recipients the pertinent statutory attributes of the property transacted and failed to respond, in terms of either evidence or argument, to the government's factually false and improper contentions of the movant's concealment of financial information from his attorneys and the government's asserted distinction between attorneys who acted "unwittingly," where counsel was aware of evidence as to attorneys having advised the movant regarding setting up the check payments and establishing pattern arrangements with other counsel such that there was no actual or intended concealment in the transactions between the movant and his attorneys.

Mot. p. 6.

In his Motion, Magluta fails to offer support in the form of record citations or affidavit which would support his contention that his counsel was aware of the evidence he discusses. Moreover, Magluta fails to identify or otherwise explain the purported "pattern arrangements with other counsel" and fails to identify those "other counsel." Accordingly, this claim should be summarily

denied as vague and conclusory.

### Claim 17.  [Ineffective Assistance of Trial Counsel]

Magluta alleges that his trial counsel was ineffective due to failure "to cross-examine or call witnesses to show that attorneys were aware of the nature of the transactions and that the transactions did not conceal from them the statutory attributes at issue."  Mot. p. 7.  Not only does Magluta not offer any affidavits in support of this claim, he does not even identify any particular witness which would support his claim.  Accordingly, this claim should be summarily denied.

### Count 19.  [Ineffective Assistance of Trial Counsel]

Movant alleges:

> Trial counsel provided ineffective assistance in failing to request a theory of defense instruction as to the designed concealment component of the money laundering offenses, such that the jury was confusingly allowed to convict on impermissible theories, including that the concealment of cash transactions leading to the earlier deposit of funds translated into concealment as the design of the spending of the funds.

Mot. p. 7.  The Court finds this claim vague and conclusory in that Magluta fails to specify the particular jury instruction which counsel should have requested.  Moreover, Magluta refers to "impermissible theories," (emphasis added), but only identifies one such "theory."  Accordingly, this claim should be summarily denied.

### "Claim 22. *Fundamental trial error in violation of the Fifth Amendment's due process clause."*

Magluta claims as follows:

> Cumulative trial error deprived the movant of due process where impermissible introduction of hearsay as to the principal and overarching charge of the indictment - obstruction of justice through jury bribery - combined with multiple trial and indictment errors as set forth throughout the claims of this motion, created a fundamentally unfair framework for jury evaluation of the obstruction and other charges.

Mot. p. 8.

First, Magluta fails to identify the particular hearsay evidence, or to provide any record citations for same in support of that contention.  He further fails to cite any record support for his

16

characterization of the obstruction of justice through jury bribery charge as the "principal and overarching charge of the indictment." Furthermore, Magluta further fails to identify the "multiple trial and indictment trial errors," or to specify how they might relate to each particular charge, such that this Court might be able to analyze the issues of procedural bar and whether the claim is even cognizable on a § 2255 motion, as well as whether this claim has any merit when the Court construes same with its rulings on the many other independent issues that are raised in this motion. For all of these reasons, the Court finds that the claim is vague, conclusory and unsupported, and as such, should be summarily denied.

**"Claim 23.**   *Constructive amendment of the indictment in violation of the Fifth Amendment grand jury clause."*

Magluta claims as follows:

> The conviction of Count 6 is facially invalid where the government constructively amended the charge. Contrary to the indictment, Oscar Mas did not claim he was offered money to give "false exculpatory" testimony. He instead claimed he was asked to give mere collateral impeachment evidence that might or might not have been admissible. In light of multiple issues undermining the credibility of the Mas claims, the constructive amendment was substantially and unfairly prejudicial.

Mot. pp. 8-9. Magluta fails to provide any record cite for the testimony he references. Moreover, Magluta fails identify the "multiple issues" which he maintains undermined Mr. Mas's credibility, or to provide any record references which might clarify or support this allegation. In this sense, the Court finds that the claim is conclusory and unsupported, and therefore should be summarily denied.

**Claim 24.**   [Ineffective Assistance of Trial Counsel]

Magluta alleges that trial counsel erred when he failed to call attorney Richard Martinez as a defense witness, and contends that Mr. Martinez "would refute allegations made by Oscar Mas (Count 6), where counsel was aware that Martinez would contradict such allegations." Mot. p. 9. Magluta fails to present an affidavit of Mr. Martinez stating that he would have so testified, and further fails to provide an affidavit of his counsel stating that he had such knowledge, or other evidence which would support that contention. Accordingly, this claim should be summarily

17

dismissed.

### Claim 25. [Ineffective Assistance of Trial and Appellate Counsel]

Magluta alleges that trial counsel erred when they failed to seek dismissal based on the allegations made in Claim 23. Because this claim does not add any additional support or clarification to the deficient allegations made in that claim, this claim should also be summarily denied.

### Claim 27. [Ineffective Assistance of Appellate Counsel]

Magluta alleges, *inter alia*, as follows:

> Appellate counsel erred in failing to seek reversal of all obstruction-based counts of conviction due to the hearsay error in the primary obstruction allegation pertaining to jury bribery. Although the jury acquitted as to some obstruction counts, the one-witness, wholly uncorroborated nature of the Oscar Mas count, combined with both the constructive amendment of the indictment and the fact that no obstruction actually resulted, indicates that the improper and grossly important jury bribery evidence - on the charge that the district court determined was so severe as to warrant life sentence - tainted the obstruction charges as to the Oscar Mas allegations..."

Mot. p. 9. Magluta does not provide any record citations to support this characterization of the evidence or identify the "one witness" or the evidence which he maintains was "uncorroborated," nor does he factually support in any way his allegation that the jury bribery evidence was "grossly important" to the jury relative to the other obstruction charges. The Court finds that the claim is conclusory and unsupported, and as such, should be summarily denied.

### Claim 28. [Ineffective Assistance of Trial Counsel]

Magluta alleges that trial counsel provided ineffective assistance in failing to move for a mistrial and to strike the jury "for misconduct during and prior to deliberations, including allegations of drug use, alcohol abuse, and improper contact with a Deputy U.S. Marshal," (Mot. p. 10) and that appellate counsel erred in failing to raise these underlying issues on appeal. Magluta fails to identify any portion of the record which supports these allegations, or to supply any affidavits which would support his claim. The claim is vague, conclusory and unsupported, and as such should be summarily denied.

### Claim 29. [Ineffective Assistance of Trial Counsel]

Magluta alleges that trial counsel provided ineffective assistance by failing to advise him that he had the right to testify as to his state of mind "in conducting transactions to pay lawyers' fees." Magluta states that he would have explained:

> that the transactions - and especially the 1998 payments addressed in Counts 34-41 that were made nearly three years after the protective order expired - were not designed to conceal illegal proceeds or to violate a protective order; that non-cash payments were originally to satisfy the specific demands and counsel of the lawyers for payment in the form of checks; that the check transaction was at most a formality to accommodate the lawyers, but not designed to survive scrutiny by law enforcement, in part because, as it was explained to the movant by his counsel, he would have no money laundering liability following the 1996 acquittal; and that the government's false argument at trial, to the effect that "the lawyers just didn't understand" that the money sent via check was the movant's was directly contradicted by advice and direction of counsel, such that he would have established that the government's argument was made in bad faith, impugning the prosecution as a whole.

Mot. p. 10.

First, this claim in a sense contradicts the allegations stated in Claim 34, in which Magluta claims that he was indeed aware that he had a right to testify on his own behalf. Moreover, Magluta fails to identify which of his numerous lawyers allegedly requested that he be paid in this manner, or to cite to any portion of the record which supports this contention. He also fails to identify or provide any affidavit from the lawyer who allegedly advised him regarding his "non-liability." Finally, as discussed in connection with Claim 9, *supra*, Magluta fails to cite to any portion of the record in which the Government "falsely" argued that 'the lawyers just didn't understand..." Accordingly, this claim should be summarily denied as vague, conclusory and unsupported.

### Claim 32. [Ineffective Assistance of Sentencing Counsel]

Magluta alleges that his sentencing counsel provided ineffective assistance in failing to confer with Magluta's other counsel, or otherwise arranging to confer with Magluta sufficiently in advance of resentencing, further alleging that if counsel had done so, he would have been made aware of "significant new information that would have allowed the Court to reconsider its declaration that the guideline range was irrelevant and would have provided independent grounds

for a lower sentence." Mot. p. 11. Magluta cites to the following statement "See DE 3026:56 (DEFENDANT: "I really wanted to talk to Mr. Rogow and spend some time to see how we could proceed on certain issues."). Id. Magluta fails to identify or otherwise demonstrate, either by record cites or affidavits, what the "significant new information" is that he references, and as such has failed to show either an error or any possible prejudice attendant thereto. Accordingly, this claim should be summarily denied as vague, conclusory and unsupported.

"**Claim 34.** *Violation of the defendant's right to an independent evaluation of the exercise of Fifth Amendment's rights regarding testimony in his own behalf.*"

Magluta states:

> Fundamental error resulted from the conducting of an in-trial voir dire of the movant regarding his potential testimony where the result of the colloquy was ambiguous, but appeared to preempt further consideration of whether the defendant would testify, and where a fair reading of the colloquy showed that the defendant was attempting to state that he had not resolved whether to testify and under what conditions.

Mot. p. 11.

Magluta fails to identify any portion of the record which might provide some support or clarity for this claim. To the extent he is arguing that he was deprived of the right to testify, the Court finds this allegation to be conclusory and unsupported, in that Magluta fails to affirmatively state in his Motion that he would have testified at trial. To the extent Magluta is relying on the allegations made in Claim 29, those allegations are deficient for the reasons stated in the discussion of that Claim. Accordingly, this claim should be summarily denied.

**Claim 35.** [Ineffective Assistance of Appellate Counsel]

Magluta alleges ineffective assistance of appellate counsel in failing to raise as issues on appeal the denial of a *de novo* resentencing, the denial of a motion to recuse, and the denial of a motion to continue the resentencing, referring to unidentified "factual matters known to the defendant" (Mot. p. 11) which were not presented to the court, which apparently refers to the same unidentified "significant new information" as discussed with respect to Claim 32 *supra*. Because Magluta has failed to identify the "factual matters" upon which this claim is based, it should be

20

summarily denied as vague and conclusory.

### Claim 36.  [Ineffective Assistance of Appellate Counsel]

Magluta claims that appellate counsel was ineffective in failing to argue that Movant was deprived of his due process right to present a defense due to alleged error by the trial court in precluding parts of his closing argument and the introduction of reverse Fed. R. Crim. P. 404(b) evidence, with respect to:

(a) exclusion of evidence relating to Lazaro Diaz, that he "went without punishment from the government for his false allegations that Magluta attempted to obstruct justice by planning serious acts of violence directed against law enforcement agents," specifically (1) certain "proffered" testimony of Dep. U.S. Marshal Lorenzo Menendez; (2) "the use of 'Callo' or 'Tocayo' names as the leader of ... Colombian hit teams [allegedly arranged by Magluta]," (c) "Lazaro Diaz's use of 'inside information' from the Bernardo Gonzalez homicides to establish credibility in falsely claiming that Magluta sent 'Colombian hit teams' to the United States to attack prison officials and engineer a jail break," and (d) "other false claims that Magluta sought to obstruct justice." (Mot. p. 12);

(b) exclusion of a DEA transcript of tape recording reflecting murder victim Gonzalez's conversations with lawyer Martinez;

(c) denial of discovery and exclusion of "evidence" showing a Sixth Amendment violation in Gilberto Barrios's "seeking to inveigle Magluta to discuss his defense case, while he was represented by counsel and while Barrios was trying to obtain sentencing leniency," and "false testimony on the part of Barrios and/or his [unidenfied] cellmate." Mot. p. 13.

(d) exclusion of testimony from witness Marilyn Bonachea which allegedly "would have provided proof of false efforts by witnesses to obtain lenient sentences by lying about Magluta." Mot. p. 13.

(e) Magluta raises the cumulative effect of all of these alleged errors[17]

Although Magluta refers to all of these items as "preserved error," he provides no record citations which would allow the Court to determine whether the evidence was allegedly proffered, what the evidentiary basis for admission was, what objections if any were raised, so as to even determine whether there was an "error" by the trial Court which should reasonably have been raised by appellate counsel.  Morever, where any "evidence" or "testimony" is referenced, Magluta fails

---

[17]Claim 36(f) is the same as Claim 27, which the Court has already found to be subject to summary denial.

to present an affidavit supporting any such "evidence."   The Court finds that this Claim is conclusory and unsupported and therefore should be summarily denied.

## Claim 37.  [Ineffective Assistance of Appellate Counsel]

In this claim, Magluta alleges ineffective assistance of appellate counsel: "with regard to the improper actions of Gilberto Barrios, including a *Massiah* violation. DE 2289";[18] and for failing to raise as an issue the denial of his motion for mistrial as to the seating of an anonymous, sequestered jury "where the Government obtained such a jury ... based on unconstitutionally-obtained and wholly incredible purported statements of Barrios, ..." Mot. p. 14.

This claim is vague and conclusory to the extent that it references "the improper actions of Gilberto Barrios" and "wholly incredible purported statements of Barrios" with no record citations. As to the allegations concerning failure to raise a Massiah allegation, Magluta provides no affidavits or citation to other evidence of record to support his allegation that such a violation occurred. Although Magluta does cite to DE 2289, that document, a motion for mistrial, does not contain any affidavit or other evidence, but rather, merely requests an evidentiary hearing.  Accordingly, this claim should be summarily denied as being conclusory and unsupported.

## Claim 38.  [Ineffective Assistance of Appellate Counsel]

Magluta alleges ineffective assistance:

> in failing to raise as an issue on appeal the trial court's erroneous failure to instruct the jury on the time limitations applicable to 18 U.S.C. §1956(h) and, alternatively, 18 U.S.C. § 371, as charged in Count 2, including the time limitations applicable to the conspiracy to violate a restraining order that expired in 1996.

Magluta fails to identify exactly what instruction should have been given to the jury, or why the failure to give that instruction was significant.  His reference to "time limitations" is vague and conclusory and therefore this claim should be summarily denied.

---

[18]In Massiah v. United States,377 U.S. 201 (1964),the Supreme Court held that once a defendant's Sixth Amendment right attaches for a particular charge, law enforcement may not use as evidence at trial incriminating statements deliberately elicited from the defendant without the presence or waiver of counsel.

### Claim 40. [Ineffective Assistance of Appellate Counsel]

Magluta alleges:

> Appellate counsel provided ineffective assistance in failing to raise on appeal the trial court's error in precluding defense counsel from arguing theories based on time limitations and lesser offense objects of Count 2 and substantive offenses.

Mot. p. 14. This claim, which concerns unspecified "theories," is vague and conclusory and should be summarily denied.

### Claim 42. [Ineffective Assistance of Appellate Counsel]

Magluta alleges:

> Appellate counsel provided ineffective assistance in failing to raise on appeal the trial court's erroneous application of a U.S.S.G. § 2J1.7 enhancement where, on a number of grounds, such an enhancement is contrary to the purposes of the governing statute and contradicted by direct language of the governing guideline.

Mot. pp. 14-15. This claim is vague and conclusory in that it fails to identify the "number of grounds" which appellate counsel was supposed to base their challenge on, and therefore should be summarily denied.

### Claim 43. [Ineffective Assistance of Appellate Counsel]

Magluta alleges:

> Appellate counsel provided ineffective assistance in failing to raise on appeal the violation of the right [of] a criminal defendant (under the Due Process Clause and Fed.R.Crim.P. 43 and consistent with Sixth Amendment confrontation principles) to presence at the October 6, 2006 status conference which, in light of the effect given to the sentencing rulings at that hearing as found in the decision of the court of appeals on the second direct appeal, was a *de facto* sentencing and where the complete absence of personal interaction with counsel prior to the hearing meant that only the defendant could have done something at that point to clarify and expand upon the record regarding the issues of principal concern as noted by the sentencing court.

Mot. p. 15. Magluta's allegation that he "could have done something" is vague, conclusory and unsupported and therefore fails to allege any discernable prejudice which may have been caused by

counsel's alleged error. The claim should therefore be summarily denied.

"**Claim 44.** *Violation of the Due Process Clause and the Eighth Amendment in sentencing the movant on the basis of materially inaccurate and incomplete facts.*"

This claim is based on the alleged failure of the prosecution to advise the sentencing court of "information about the movant's efforts toward manifesting acceptance" (Mot. p. 15), and "facts and circumstances leading to the ineluctable conclusion that, in fact, prior to resentencing, movant did admit his crime, did express remorse, did accept responsibility..." (Mot. p. 17). Magluta never identifies what his "efforts" were, and/or in what manner the prosecution allegedly was aware of them. Movant also alleges that he was advised prior to the sentencing that "should he seek to inform the resentencing court of specific post-sentencing actions manifesting an acceptance of responsibility, the government would take retaliatory or punitive action." Id. Magluta fails to state how or by whom he was so advised. This claim is vague, unsupported and conclusory and therefore should be summarily denied.

"**Claim 45.** *Violation of the Due Process Clause in regard to government's failure of production and disclosure of material evidence at sentencing, including presentation of materially incomplete or false information.*"

Magluta alleges that the prosecution was aware that its argument that he had taken no steps to manifest acceptance of responsibility "was, at least in part, incomplete, false, and misleading." Mot. p. 17. Again, Magluta fails to identify any steps he had taken toward responsibility or how the prosecution would have been aware of them. The claim therefore should be summarily denied.

## RECOMMENDATION

Based on the foregoing, the Court respectfully recommends the following with respect to the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody:

1. The Motion should be deemed to be amended by Exhibit A attached to the Reply.

2. The following Claims should be summarily **DENIED** with prejudice: 8(in part), 9, 10, 12, 16, 17, 19, 22, 23, 24, 25, 27, 28, 29, 32, 34, 35, 36, 37, 38, 40, 42, 43, 44 and 45.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida on this 2d day of August, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Patricia A. Seitz
Counsel of record