# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21345-CIV-SEITZ/BROWN

SALVADOR MAGLUTA,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING, IN PART, REPORT AND RECOMMENDATION, REFERRING PART OF CLAIM 36 BACK TO THE HONORABLE STEPHEN T. BROWN FOR AN ADDITIONAL REPORT AND RECOMMENDATION, DENYING HABEAS RELIEF AS TO THE OTHER CLAIMS, AND DENYING ISSUANCE OF A CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court upon the Preliminary Report and Recommendation[1] [DE 39][2] of the Honorable Stephen T. Brown, United States Magistrate Judge, recommending that the Court summarily deny Movant Salvador Magluta's ("Movant") Motion to Vacate ("Motion to Vacate"), pursuant to 28 U.S.C. § 2255, with respect to Claims 9, 10, 12, 16, 17, 19, 22, 23, 24, 25, 27, 28, 29, 32, 34, 35, 36, 37, 38, 40, 42, 43, 44, and 45, and deny, in part, Claim 8. The Court has carefully reviewed Judge Brown's Preliminary Report and Recommendation ("R&R") and the record, *de novo*.[3] While the Court finds that Judge Brown's factual findings are not clearly erroneous and his legal conclusions are consistent with the proper application of the law to those facts and, as such, affirms and adopts the majority of Judge Brown's findings and recommendations as discussed fully below, the Court has

---

[1] Judge Brown issued a Preliminary Report and Recommendation in order to address some of Movant's claims that are so conclusory as to be insufficient on their face such that, if additional briefing is necessary, the Government will only be required to address the remaining claims that are facially sufficient. [DE 39 at 10, fn. 12].

[2] All citations to the record enclosed by brackets refer to the docket sheet in the instant case, Case No. 10-21345-CIV-SEITZ. (*i.e.* [1]) All citations enclosed by parentheses refer to the docket sheet in the underlying criminal case, Case No. 99-00583-CR-SEITZ. (*i.e.* (1))

[3] As set forth below, the Court reviewed Judge Brown's Order denying Movant's Motion for Leave to File an Amended Reply for clear error.

considered the record citations provided by the Movant for the first time in his Reply brief and has decided whether to summarily deny the claims based on a review of the record including those citations. However, the Court has not considered Movant's affidavit, submitted as part of his Reply brief, as Movant did not file it as part of his Motion to Vacate.

## I. DISCUSSION[4]

Movant's 45 claims, not including subparts, are many, varied, and in some respects overlapping and repetitive. Structurally, the Court will first address Movant's requests to file an Amended Reply and to amend his Motion to Vacate. Then, the Court will turn to a discussion of the overarching legal argument set forth in the Government's papers and in the R&R that the 25 claims specified above are facially insufficient to warrant an evidentiary hearing under Rule 8 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts. Thereafter, the Court will rule on Movant's 25 individual claims as addressed in the Preliminary R&R.

### A. Movant's Requests to Amend the Motion to Vacate and to File an Amended Reply Memorandum of Law.

On May 25, 2011, over one (1) year after Movant filed his Motion to Vacate, and over six (6) months after the Government filed its two hundred and forty (240) page response, Movant requested, for the first time, in his Reply brief,[5] leave to amend the Motion to Vacate to include facts contained in the Reply and requested that the Court allow him to file an Amended Reply Memorandum of Law. [DE 28]. The Reply includes four appendices. "Appendix A" is an affidavit dated May 20, 2011, from Movant in which he attests, subject to the penalty of perjury, that the allegations in the Motion to Vacate are true and correct. "Appendix B" is a copy of page fourteen (14) of the Court's form Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody, which is signed by counsel Richard Klugh, and in

---

[4] The Court adopts the pertinent procedural history set forth in the R&R. [DE 39 at 1-8].

[5] Unless otherwise indicated, all references to "Reply" or "Reply brief" refer to Movant's reply memorandum of law filed in response to the Government's opposition to the Motion to Vacate. [DE 28].

which Movant swears the truth of the Motion to Vacate, dated April 21, 2010. "Appendix C" is a copy of a CM/ECF Notice of Electronic Filing, which states that a case was electronically opened and administratively closed on April 27, 2010 at 8:00 a.m. EDT because there was "[n]o initiating document." "Appendix D" is an unsigned affidavit from Movant.[6]  On June 23, 2011, Movant filed a Motion for Leave to File an Amended Reply Memorandum. [DE 35].  By Order, dated August 2, 2011, Judge Brown denied the Motion for Leave to File an Amended Reply Memorandum because of undue delay. [DE 38].

In the Preliminary R&R, Judge Brown recommends that the Court grant the Movant's request to amend the motion to vacate to include Appendix A and deny all of Movant's other requests to amend. [DE 39 at 8-10].  Movant objects and contends that there is no undue delay and there will be no prejudice to the Government if Movant is permitted to amend the Motion to Vacate.  Movant states that he seeks to file both an Amended Motion to Vacate and an Amended Reply in order "to enhance the Court's and the [G]overnment's ability to address the claims already raised."  Movant also maintains that he will not add new claims, but rather will add detail to existing claims to "enhanc[e] adversarial and judicial disposition of his current claims."  Further, Movant avers that the fact that the Government will have to expend additional time and resources to address the Amended Motion to Vacate is not a valid reason to deny Movant leave to amend given the length of the sentence that Movant is serving. [DE 40].

### a. Movant's Motion to File an Amended Reply Memorandum

First, as to Movant's Motion for Leave to File an Amended Reply Memorandum, Judge Brown denied this motion. [DE 38].  The Court reviews an Order from a Magistrate Judge concerning a non-dispositive matter for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72 (a).  Movant states that the Court should permit him to file the Amended Reply Memorandum because one of his attorneys was not available, for an unidentified reason, to participate in the drafting of the Reply.  Movant further contends

---

[6] Movant initially filed an unexecuted copy of the affidavit with this Reply. [DE 28-4].  A few days later, Movant filed an executed copy of the affidavit. [DE 31].

that the Court should allow him to "clarif[y] and focus[]" the arguments in the initial Reply. [DE 35]. The Court rejects these contentions. Movant has not provided any explanation for why he was not able to make the arguments contained in the Amended Reply in the initial Reply. Judge Brown granted Movant extensions of time to file the Reply and, ultimately, Movant was given over six months from the filing of the Government's response to do so. As such, the Court must find that Judge Brown's Order denying Movant leave to file an Amended Reply Memorandum was not clear error.[7]

### b. Movant's Request to Amend the Motion to Vacate

Second, Judge Brown recommends that the Court deny Movant's request for leave to amend the Motion to Vacate. Movant objects to Judge Brown's recommendation on fairness grounds. [DE 40]. This Court must review, *de novo*, those portions of the R&R to which a party objects. 28 U.S.C. § 636 (b)(1)(C); *Jeffrey S. V. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512-13 (11th Cir. 1990).

Rule 15 of the Federal Rules of Civil Procedure governs amendments in the context of civil proceedings, including motions filed pursuant to 28 U.S.C. § 2255. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). Pursuant to Fed. R. Civ. P. 15(a)(1), Movant may not amend his Motion to Vacate as a matter of course because he requested leave to amend in his Reply, after the Government had already responded to the Motion. Thus, Movant may only amend with written consent of the Government or leave of the Court. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is within the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir. 1983). While the Court should freely give leave when justice so requires, Fed. R. Civ. P. 15(a)(2), the Eleventh Circuit has recognized that it is within the Court's discretion to deny leave to amend due to prejudice, bad faith, or

---

[7] The Court recognizes that Judge Brown's Order denying the Motion for Leave to file an Amended Reply refers to the Preliminary R&R and that the Court must, in considering an R&R, review the record *de novo*. However, because Judge Brown issued an Order denying the motion and not just an R&R, and the motion seeks relief that is non-dispositive of Movant's claims, the proper standard of review is clear error. Regardless, even under a *de novo* standard, the record supports a denial of Movant's request to file an Amended Reply as Movant has not provided an explanation as to why the arguments made in the Amended Reply were not asserted in the initial Reply that Movant had six months to file.

undue delay on the part of the Movant. *Warner v. Alexander Grant & Co.*, 828 F.2d 1528, 1531 (11th Cir. 1987).

Here, the Court affirms and adopts Judge Brown's recommendation to grant Movant's request for leave to amend the Motion to Vacate to include Appendix A – the omitted signature page. The Court also affirms and adopts Judge Brown's recommendation to deny Movant's request to amend the Motion to Vacate to include the other appendices to the Reply brief and to add unspecified amendments purportedly contained in Movant's Reply brief,[8] for the reasons stated in the R&R, specifically undue delay and prejudice to the Government. Movant did not request leave to amend until he filed his Reply brief, nearly one (1) year after he filed his Motion to Vacate and after the Government formulated a response. Movant has not provided any reason for why the unspecified amendments and Movant's affidavit ("Appendix D") were not part of the initial Motion to Vacate. Thus, the Court affirms Judge Brown's recommendation to deny leave to amend the Motion to Vacate. *Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming trial court's denial of motion for leave to amend where the plaintiff sought to amend the complaint ten months after the initial complaint was filed to add matters that could have been raised initially);[9] *Moore v. Balkom*, 1983 U.S. App. LEXIS 26496, at *45-*46 (11th Cir. June 23, 1983) (finding that the trial court did not abuse its discretion in denying a motion for leave to amend a habeas petition in a capital case where petitioner was represented by counsel, counsel referred to the issue petitioner later sought to amend in the original habeas petition, and petitioner sought to amend two years after the habeas petition was filed).

The Court also denies leave to amend for an additional reason that is procedural in nature. As referenced above, Movant failed to file a separate motion for leave to amend, and, instead weaved the request into his Reply memorandum, which is improper. Movant also failed to provide the Court with a

---

[8] Movant requested leave to amend to include information contained in his Reply brief. However, the Reply brief is voluminous and, thus, it is not clear what information in the brief constitutes the proposed amendments. [DE 28 at 4].

[9] The Eleventh Circuit has adopted, as binding precedent, decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

proposed Amended Motion to Vacate pursuant to Local Rule 15.1. Without a proposed amended Motion to Vacate, the Court cannot ascertain what all of the amendments are and whether they are futile either because they fail to cure the facial insufficiency of the claims or because they are untimely and do not relate back to the original claims.[10] Given that Movant is represented by counsel, the Court finds this procedural gaffe particularly troubling as it demonstrates, at best, a lack of knowledge of the rules of civil procedure, and, at worst, a complete disregard for the rules. As such, for this reason and the reason set forth above, the Court will not consider the unspecified amendments and Movant's affidavit in assessing whether Movant's claims are facially sufficient to warrant an evidentiary hearing.[11]

However, the Court declines to adopt Judge Brown's recommendation to ignore the record citations provided by Movant for the first time in his Reply brief. These citations refer to the trial transcript. Given the voluminous nature of the trial transcript and the fact that Movant is represented by counsel, Movant should have provided these citations in his Motion to Vacate or, at the very least, drafted his claims with more specificity. Nonetheless, the record citations do not constitute new claims or new evidence and the citations were provided before Judge Brown issued his Preliminary R&R. As such, the Court will consider them in evaluating Movant's claims.

**B. Certain of Movant's Claims Must Be Summarily Denied**

"In a habeas corpus proceeding, the burden is on the [Movant] . . . to establish the need for an evidentiary hearing . . . [I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the [Movant] is not entitled to an evidentiary hearing." *Chavez v. United States*, 647

---

[10] The statute of limitations for claims filed under 28 U.S.C. § 2255 is one (1) year from the final judgment of Movant's conviction. 28 U.S.C. § 2255 (f)(1). Movant filed his Motion to Vacate on the last day of the statute of limitations. Accordingly, any amended claims are time-barred unless they relate back to the original claims in accord with Fed. R. Civ. P. 15(c).

[11] This is not inconsistent with the Court's decision to affirm Judge Brown's recommendation to grant Movant's request to amend the Motion to include Appendix A – the omitted signature page. This is because, as to Appendix A, the Court can ascertain specifically what the proposed amendment encompasses and Movant provided an explanation for why the signature page was not filed with the Motion to Vacate. [DE 28 at fn. 2]. Further, permitting the amendment to add the signature page at this point in the litigation does not cause any prejudice to the Government.

F.3d 1057, 1060 (11th Cir. 2011) (internal citations and quotations omitted). The Eleventh Circuit recognized in *Chavez* that the district court need not "mine the record . . . hunting for truffles buried in briefs," in order to find facts that support Movant's claims. *Id.* at 1061. Indeed, Rule 2(b)(1) and (2) of the Federal Rules Governing Section 2255 Proceedings provides that a motion filed under 28 U.S.C. §2255 must specify *all* grounds for relief available to the moving party *and state the facts that support each ground.* (emphasis added). The Court is not required to hold an evidentiary hearing based on general, conclusory allegations that lack specific factual support. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

### a. Claims for Ineffective Assistance of Counsel (Claims 16, 17, 19, 24-25, 27-29, 32, 35-38, 40, 42-43)

It is well-settled that in order to demonstrate ineffective assistance of counsel, Movant must show (1) that Movant's attorney's performance was deficient in that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that *Strickland* test applies to claims for ineffective assistance of appellate counsel). This standard is not easy to meet as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [Movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Moreover, as to the second part of the test, Movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Id.* at 696. Finally, the Eleventh Circuit has recognized that in the context of ineffective assistance of counsel claims, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that *no reasonable lawyer*, in the circumstances would have done so." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). (emphasis added).

**Claim 16: Trial counsel provided ineffective assistance in failing to present a defense of lack of intent to conceal from the attorney recipients the pertinent statutory attributes of the property transacted and failed to respond, in terms of either evidence or argument, to the government's factually false and improper contentions of the movant's concealment of financial information from his attorneys and the government's asserted distinction between attorneys who acted "wittingly" – including some who received cash – and attorneys who acted "unwittingly," where counsel was aware of evidence as to attorneys having advised the movant regarding setting up the check payments and establishing pattern arrangements with other counsel such that there was no actual or intended concealment in the transactions between the movant and his attorneys.**

First, this claim is written in such a convoluted manner as to render it nearly unintelligible. However, upon a review of the other claims asserted by Movant as well as the Government's response to the Motion to Vacate, and Movant's reply, the Court has ascertained that Claim 16 concerns the money laundering charges against Movant, specifically Counts 2 and 34-41. By way of background, Count 2 of the indictment charged Movant with conspiring to violate 18 U.S.C. § 1956 (a)(1)(B)(i)[12] by laundering drug proceeds from 1979 through the return of the indictment in violation of § 1956(h). (DE 1854 at 25). Counts 34-41 of the indictment charged Movant with a discrete portion of the overall money laundering scheme in violation of 18 U.S.C. § 1956 (a)(1)(B)(i). Specifically, the charging language from Counts 34-41 of the indictment provides, in part, that Movant "did knowingly conduct, and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, that is, the writing of the checks . . . on an account at Israel General Bank Ltd., in the name of 'Leonard Friedman,' payable to the attorneys . . ." (DE 1854 at 36-37). Put another way, these counts charged Movant with laundering drug proceeds in the form of cash into checks drawn on an Israeli bank, which were then used to pay certain attorneys who represented Movant.

In Claim 16, Movant contends that trial counsel was ineffective in failing to present a defense that Movant lacked the requisite intent to conceal the statutory attributes of the drug proceeds (the nature,

---

[12] This section of the money laundering statute makes it unlawful to engage in financial transactions with the proceeds of specified unlawful activity knowing that the transactions are designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the funds. 18 U.S.C. §1956(a)(1)(B)(i).

location, source, ownership, or control of the funds) from the attorneys he paid with the checks drawn on Israel General Bank.  Movant also avers that trial counsel was ineffective in failing to respond to the Government's "false and improper contentions" that Movant concealed "financial information" from his attorneys.  Movant maintains that trial counsel was aware that the attorneys who received the checks advised Movant "regarding setting up the check payments and establishing pattern arrangements with other counsel" and, as such, there was no actual or intended concealment of the attributes of the drug proceeds between Movant and the attorneys.

Judge Brown recommends that the Court deny Claim 16 because Movant has failed to provide record citations or affidavits that trial counsel was aware of what the attorneys who received the checks advised Movant to do as discussed in Claim 16.  In addition, Movant has failed to identify or explain the "pattern arrangements with other counsel," and to identify who "other counsel" is.  Movant objects and claims that he is not required to provide affidavits at this stage of the proceedings and even if required, he provided his own affidavit explaining the allegations in Claim 16.  [DE 40 at 15-16]. Movant's citation to his own affidavit submitted on Reply, [DE 28 at 25], is insufficient to cure the defects in this claim because the Court has denied Movant's request to amend the Motion to Vacate to include the affidavit and, regardless, the affidavit does not address whether trial counsel were aware of the advice Movant purportedly received from the attorneys who received the checks.  Further, Movant has failed to identify or provide record citations with respect to the "false and improper contentions" made by the Government that Movant concealed "financial information" from his attorneys as referenced in Claim 16.

In addition, this claim rests on the assumption that the section of the money laundering statute under which Movant was charged, § 1956 (a)(1)(B)(i), requires the Government to prove that Movant intended to conceal or disguise the attributes of the drug proceeds from the attorneys who received the checks and that the attorneys were unaware of these attributes.  However, the Government need only prove that Movant intended to conceal/disguise the attributes from authorities, not from the attorneys who were parties to these transactions.  *United States v. Hasson*, 33 F.3d 1264, 1274-75 (11th Cir. 2003)

(finding evidence to convict the defendant of conspiracy to launder money sufficient where it demonstrated the defendant's attempts to conceal the source, ownership, location or control of the funds from the FBI and the IRS); *United States v. Williams*, 605 F.3d 556, 564-67 (8th Cir. 2010) (finding evidence sufficient to sustain conviction under §1956 (a)(1)(B)(i) where "the government presented evidence that the defendant structured transactions with fictitious names *to avoid law enforcement attention* concerning the nature and source of [the] funds") (emphasis added). Thus, the Court affirms Judge Brown's recommendation and dismisses Claim 16.

> **Claim 17: Trial counsel provided ineffective assistance in failing to cross-examine or call witnesses to show that attorneys were aware of the nature of the transactions and that the transactions did not conceal from them the statutory attributes at issue. Thus, in a case about concealment money laundering, not one question was asked of any recipient of a check as to whether he or she well knew that the funds came from the movant and that the movant had no lawful sources of income or assets. Counsel's failure to ask such questions was then argued by the government in closing, such that the defense having failed to challenge the government's theory, conviction of counts carrying a sentence of 180 years was rendered virtually inevitable.**

Claim 17, like Claim 16, concerns Counts 2 and 34-41 of the indictment. Judge Brown recommends that the Court deny this claim summarily because Movant fails to identify any witnesses that should have been called and does not provide affidavits from the unidentified witnesses who he alleges would have testified in the manner described in Claim 17. Movant raises essentially the same objection in response to this claim as he does to Claim 16, namely that he is not required to provide affidavits, and, anyway, he provided his own affidavit. Again, the Court will not consider Movant's affidavit (Appendix D) as it constitutes new evidence not previously part of the record and Movant has not provided any reason for his undue delay in failing to include the information in the affidavit in his Motion to Vacate. Absent consideration of the information in the affidavit, Movant has failed to identify the witnesses that should have been called who would have supported his claim. Movant also fails to identify the witnesses that should have been cross-examined. Without this information, the claim is too conclusory to assess, under the *Strickland* test, whether counsel

acted reasonably in declining to call or cross-examine witnesses on the issue of whether the attorneys were aware of the nature of the transactions referenced in Claim 17.  Further, Movant has failed to provide any affidavits to establish that the attorneys who received the checks were aware of the nature of the transactions as alleged in the claim.

In addition, even if the Movant had elicited testimony at trial that the attorneys who received the checks from Movant were aware that they were accepting laundered proceeds,[13] this would not have assisted Movant in his defense as to the money laundering counts.  This is because, as set forth above in response to Claim 16, the Government need not prove that Movant intended to conceal/disguise the attributes of the proceeds from parties to the transactions (the attorneys).  Instead, the Government need only prove that Movant's intent was to conceal/disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity from the government. *Hasson*, 33 F.3d at 1274-75; *Williams*, 605 F.3d at 564-67.  Indeed, portions of the Government's closing argument dispel Movant's contention that the Government relied on the argument that the attorneys who received the checks were unaware that they were accepting laundered proceeds.  (DE 2533 at 16587-90).  In addition, the only witness the Government called, who is identified in the indictment as receiving the checks specified in Counts 34-41, is attorney Scott Srebnick.  Mr. Srebnick testified that he received a number of checks drawn on overseas banks from individuals he did not know and that he knew that the checks he received were provided in exchange for representing Movant and co-defendant Willie Falcon.  (DE 2495 at 6649-6661).  Thus, claim 17 is denied.

> **Claim 19: Trial counsel provided ineffective assistance in failing to request a theory of defense instruction as to the designed concealment component of the money laundering offenses, such that the jury was confusingly allowed to convict on impermissible theories, including the concealment of a cash transaction leading to the earlier deposit of funds translated into concealment as to the design of the spending of the funds.**

---

[13] Portions of the Government's closing argument dispel Movant's contention that the Government relied on the "dumb lawyer argument."  (DE 2533 at 16587-90).

This claim, like Claims 16 and 17, appears to relate to Counts 2 and 34-41 of the indictment, although the claim itself is very vague. Movant maintains that trial counsel was ineffective in failing to request a jury instruction that was required due to the "unique factual and legal context of this case" because the check payments made to the attorneys were for the purpose of Movant's legal representation under the Sixth Amendment, that the attorneys were aware that Movant was the source of the payments and knew that Movant had been acquitted of "drug conduct," and that the attorneys had instructed Movant to make the payments to them in the manner that he did. [DE 28 at 26-27]. Judge Brown recommends that the Court deny this claim because Movant fails to identify the jury instruction that should have been given and identifies only one of the "impermissible theories" he refers to in the claim. Movant objects on the ground that various formulations of a jury instruction would have been sufficient and that the claim is that counsel was ineffective for failing to request any "theory of defense instruction." [DE 40 at 16].

The Court affirms and adopts Judge Brown's recommendation to deny the claim because Movant fails to identify the jury instruction that counsel should have requested and, thus, the Court cannot assess, under the *Strickland* test, whether counsel acted reasonably in failing to request the instruction. Further, Movant provides no legal authority for his position that a jury instruction was required because the attorneys received the drug proceeds to pay for legal representation.[14] Moreover, as discussed in response to Claims 16 and 17, the Government was not required to prove that Movant intended to conceal/disguise the attributes of the proceeds from parties to the transactions (the attorneys). Thus, an instruction

---

[14] Movant avers in his reply brief in further support of his objections to Judge Brown's Report and Recommendation, that the Supreme Court's decision in *Cuellar v. United States*, 553 U.S. 550 (2008) in some unarticulated fashion supports his position that an unidentified jury instruction should have been given because the purpose of the transactions as to Counts 34-41 was legitimate—payment for legal representation. [DE 46 at 10]. First, the Eleventh Circuit has not applied *Cuellar* in cases involving the "transactions" section of the money laundering statute, 18 U.S.C. § 1956 (a)(1)(B)(i), under which Movant was convicted. *Cuellar* interpreted the "designed to . . . conceal or disguise element" of the "transportation" section of the statute. 18 U.S.C. § 1956 (a)(2)(B)(i). In addition, even if *Cuellar* applies to cases involving 18 U.S.C. § 1956 (a)(1)(B)(i), Movant has not articulated how the Supreme Court's holding requires Movant's conviction for money laundering to be vacated. There are other claims in Movant's petition that deal more substantively with the *Cuellar* decision and for which the Court has not yet received an R&R from Judge Brown. Should evaluation of these substantive claims require reconsideration of Claim 19, the Court will revisit this claim in connection with the next R&R.

concerning the attorneys' knowledge about the source and/or nature of the payments was not necessary. Thus, Claim 19 is denied.

> **Claim 24: Trial counsel failed to call as a defense witness attorney Richard Martinez to refute allegations made by Oscar Mas (Count 6), where counsel was aware that Martinez would contradict such allegations.**

Movant objects to Judge Brown's recommendation to summarily deny this claim and asserts that he provided "substantiating details concerning the substance and import of testimony by Richard Martinez" in his Reply brief and in his own affidavit. Movant further contends that trial counsel was aware of Martinez's availability and that an affidavit from Martinez is not required. [DE 40 at 16, DE 46 at 11-12]. The Court affirms and adopts Judge Brown's recommendation to deny this claim. Movant fails to provide an affidavit from Richard Martinez stating that Martinez would have testified in the manner identified in Claim 24 or at all, and as set forth above, the Court will not consider Movant's affidavit, submitted for the first time as part of his Reply brief. Further, during trial, Movant's counsel represented to the Court that Martinez was not available as a witness and had invoked the Fifth Amendment, and, indeed, even after the Government agreed to immunize Martinez, he continued to resist. (DE 2532 at 16303:17-25; 16304:1-17; 16341:14-22; 16342:1-25; 16343:1-25; 16344:1-24; 16363:6-22). In addition, Movant has not provided an affidavit from trial counsel, or any other evidence, indicating that counsel was aware that Martinez would have testified in the manner set forth in Claim 24 or any other evidence.

Further, as noted by the Government, there were a host of problems with Martinez as a witness that could have led trial counsel to reasonably conclude that he should not be called as a witness including: (1) Martinez was a co-defendant with Movant who pled guilty to obstruction of justice; (Case No. 91-6060-CR-MORENO at DE 1179, 1190, 1252); (2) Martinez, who was married to Movant's sister-in-law, vacationed with Movant while Movant was a fugitive and Martinez was an Assistant State Attorney; and (3) Martinez was one of Movant's attorneys and recruited inmate Arturo Avila to commit perjury for Movant and another defendant, Willie Falcon. (DE 2473 at 356-357; 360-361; DE 2490 at

5116:23-25; 5117:1-24; DE 2493 at 6123:24-25; 6124:1-24; DE 2498 at 7354:1-25).  Thus, Claim 24 for

ineffective assistance of counsel must be denied.

> **Claim 25: Trial and appellate counsel failed to seek dismissal of Count 6 where the theory of indictment, that Mas was bribed to give exculpatory testimony, was constructively amended at trial to a claim that he was asked to give [sic] provide false collateral impeachment regarding a government witness.**

This claim relates to Claim 23. In Claim 23, Movant alleges that Count 6 was constructively

amended because witness Oscar Mas did not claim he was offered money to give "false exculpatory

testimony" as stated in the indictment, but rather Mas claimed that he was asked to give "mere collateral

impeachment evidence that might or might not have been admissible."[15]  Claim 23 further alleges that due

to "multiple issues undermining the credibility of Mas's claims, the constructive amendment was

substantially and unfairly prejudicial."  In Claim 25, Movant alleges that trial and appellate counsel's

failure to seek dismissal of Count 6 due to the alleged constructive amendment constitutes ineffective

assistance of counsel.  Judge Brown recommends that the Court deny this claim because Movant fails to

provide record citations and fails to identify the "multiple issues" undermining Mas's credibility.

In his reply brief, Movant provides some record citations to Mas's testimony from the underlying

criminal trial, 99-583-CR-SEITZ. [DE 28 at 32-33]. However, the citations do not establish that Mas was

asked to give "mere collateral impeachment evidence that might or might not have been admissible."

Indeed, Mas testified (in 99-583-CR-SEITZ) that he was offered $200,000 to give testimony on behalf of

Movant during Movant's trial before Judge Moreno (91-6060-CR-MORENO) that Government witness

Pedro Rosello told Mas that he was lying to get a sentence reduction. Notably, Movant does not contest

that he bribed Mas to testify that Rosello was lying. (DE 2496 at 6815). Although Mas did not ultimately

give any false testimony during 91-6060-CR-MORENO, this is of no consequence as Count 6 charged

Movant with bribing inmates to give false exculpatory testimony, not that the inmates actually gave such

testimony.

---

[15] Count 6 of the indictment charged Movant with "urg[ing] and encourage[ing] inmates . . . to provide false exculpatory testimony . . . in return for cash payments . . ." (DE 3).

Further, Movant does not specify the nature of the "multiple issues undermining the credibility of Mas's claims." Indeed even if Mas had credibility issues, Movant does not explain how those issues relate to the alleged constructive amendment or the ineffective assistance of counsel claim. Thus, the claim is denied.

> **Claim 27: Appellate counsel erred in failing to seek reversal of all obstruction-based counts of conviction due to the hearsay error in the primary obstruction allegation pertaining to jury bribery. Although the jury acquitted as to some obstruction counts, the one-witness, wholly uncorroborated nature of the Oscar Mas count, combined with both the constructive amendment of the indictment and the fact that no obstruction actually resulted, indicates that the improper and grossly important jury bribery evidence – on the charge that the district court determined was so severe as to warrant a life sentence – tainted the obstruction charges as to the Oscar Mas allegations. Thus, at resentencing, notwithstanding the government's announced decision to dismiss the jury obstruction charge, the district court focused on "how serious the obstruction of justice [was] that [she] saw in this case," which she described as "the most egregious evidence of obstruction of justice." DE 3026: 60; id. at 58-59 (obstruction of justice in the prior trial "was the focus of the offense in this case").**

In this claim, Movant asserts that appellate counsel was ineffective in failing to seek reversal of Movant's conviction as to all obstruction of justice counts. With respect to the counts charging obstruction of justice, Movant was convicted of Count 6 (obstruction of justice through witness bribery of Oscar Mas in violation of 18 U.S.C. §§ 1503 and 2) and Count 8 (obstruction of justice through jury bribery in violation of 18 U.S.C. §§ 1503 and 2). Movant was acquitted of Count 7 (obstruction of justice through witness bribery of Gilberto Santiesteban), Count 9 (obstruction of justice through subordination of perjury), and Count 10 (obstruction of justice through subordination of the flight of a witness). The Eleventh Circuit reversed Movant's conviction as to Count 8 because the bribed juror's out-of-court statements constitute inadmissible hearsay and the statements were the only evidence presented that tied Movant to the bribes. *United States v. Magluta*, 418 F.3d 1166, 1180 (11th Cir. 2005).

In Claim 27, Movant contends that appellate counsel was ineffective in failing to seek reversal of Movant's conviction as to Count 6 because the admission of the hearsay statements as evidence of the acts charged in Count 8 somehow "tainted" the evidence supporting Count 6. As recommended by Judge

Brown, this claim must be summarily denied as conclusory. Movant fails to support, factually, his contention that the hearsay statements were "grossly important to the jury" with respect to Count 6. In fact, Movant fails to identify or establish any link between the hearsay statements deemed inadmissible as to Count 8 and Count 6. The hearsay statements were out-of-court statements by a bribed juror to an FBI Agent that the juror had accepted a bribe from Movant and Movant's co-defendant in 91-6060-CR-MORENO. By contrast, the evidence supporting Movant's conviction as to Count 6 is comprised of testimony by the bribed inmate witness, Oscar Mas, testimony from Mas's wife who received cash payments, testimony from other inmates aside from Mas who said they were bribed by Movant's organization to give false testimony, testimony from the wives and girlfriends of inmates who received cash payments, testimony from Movant's paramour explaining that payments were made, at Movant's direction, to inmates and their family members or lawyers, and testimony by a special agent and Deputy U.S. Marshal concerning Court and Marshal's Service documents identifying inmate witnesses writted by Movant to testify in 91-6060-CR-MORENO. Accordingly, as Movant has not identified any link between the inadmissible hearsay statements that resulted in the reversal of Movant's conviction as to Count 8 and the evidence supporting Count 6, appellate counsel's failure to seek reversal of Count 6 on this ground cannot be deemed ineffective. Thus, Claim 27 is denied.

> **Claim 28: Trial counsel provided ineffective assistance in failing to move for a mistrial and to strike the jury for misconduct committed during and prior to deliberations, including the allegations of drug use, alcohol abuse, and improper contact with a Deputy U.S. Marshal, and appellate counsel erred in failing to raise as an issue and brief on appeal the question of jury misconduct and the denial of a mistrial.**

Judge Brown recommends that the Court deny this claim because Movant has not provided any record citations or affidavits to support this claim. Movant objects on the ground that the Government has formulated a response to this claim and "the very brief record regarding deliberations." Movant again requests an opportunity to clarify. The Court affirms and adopts Judge Brown's recommendation. In addition, Movant has not shown that the alleged improprieties by the jurors constitute a constitutional

violation. *See United States v. Conover*, 772 F.2d 765, 769-70 (11th Cir. 1985).   Accordingly, this claim is denied.

> **Claim 29: Counsel provided ineffective assistance in failing to advise the defendant that he had a right to testify as to his state of mind in conducting transactions to pay lawyers' fees and to explain that the transactions – and especially the 1998 payments addressed in Counts 34-41 that were made nearly three years after the protective order expired – were not designed to conceal illegal proceeds or to violate a protective order; that non-cash payments were originally to satisfy the specific demands and counsel of the lawyers for payment in the form of checks; that the check transaction was at most a formality to accommodate the lawyers, but not designed to survive scrutiny by law enforcement, in part because, as it was explained to the movant by his counsel, he would have no money laundering liability following the 1996 acquittal; and that the government's false argument at trial, to the effect that 'the lawyers just didn't understand' that the money sent via check was the movant's was directly contradicted by advice and direction of counsel, such that he would have established that the government's argument was made in bad faith, impugning the prosecution as a whole.**

This claim concerns Counts 34-41 of the indictment.  As previously discussed, Counts 34-41 of the indictment charged Movant with a discrete portion of the overall money laundering scheme in violation of 18 U.S.C. § 1956 (a)(1)(B)(i). Specifically, the charging language from Counts 34-41 of the indictment provides, in part, that Movant "did knowingly conduct, and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, that is, the writing of the checks . . . on an account at Israel General Bank Ltd., in the name of 'Leonard Friedman,' payable to the attorneys . . . [DE 1854 at 36-37].  Put another way, these counts charged Movant with laundering drug proceeds in the form of cash into checks drawn on an Israeli bank used to pay certain attorneys who represented Movant.  In Claim 29, Movant contends that trial counsel was ineffective in failing to advise Movant of his right to testify concerning his state of mind in conducting the transactions to pay the attorneys because Movant did not possess the requisite intent to conceal drug proceeds as required by the statutory language.

Judge Brown recommends denial of this claim because Movant fails to identify which of his lawyers requested to be paid in the manner specified in the claim, fails to identify or provide an affidavit from the lawyer who advised Movant of his non-liability, and fails to provide record citations for where

the Government "falsely" argued that the "lawyers just didn't understand." Movant objects and contends that Movant's attorneys are known to the Court and that leave to amend should be granted. [DE 40 at 17]. The Court will deny the claim for the reasons set forth in the R&R and for the additional reasons discussed below.

First, for the reasons set forth above, the Court will not consider Movant's affidavit and, as such, there is no evidence in the record that Movant would have testified if he had been "effectively" advised by counsel. In addition, in reading the colloquy between the Court and Movant concerning whether Movant understood his right to testify, it is clear that Movant understood that the right to testify exists, that he had discussed it with counsel, and that he had decided not to testify. (DE 2532 at 16280-84). Moreover, the record before the Court does not satisfy the standard that no reasonable attorney would have advised Movant not to testify. Indeed, it could be argued that if counsel had advised Movant to testify and he had acted on that advice, Movant would have a much stronger argument for ineffective assistance of counsel than he does now. For example, had Movant testified, he would have been subject to cross-examination concerning a number of potential credibility-damaging issues including, but not limited to, his four prior felony convictions, lying to courts and law enforcement officers about his identity, repeatedly jumping bond, and trying to disguise his handwriting during court-ordered hand-writing exemplars. (DE 2472 at 148-49; 2473 at 286-318, 420-29; 2474 at 801-06, 812-13, 815-17; 2475 at 918-19; 2506 at 9308-09, 9341-45; 2516 at 11936-45; 2518 at 12363-70). Thus, Claim 29 is denied.

> **Claims 32: Sentencing counsel provided ineffective assistance in failing to jointly confer with other counsel for the movant, so as to share pertinent information in lieu of personally interacting with the movant on a last-minute nighttime visit, or to otherwise arrange to confer with the movant sufficiently in advance of resentencing so as to be able to convey to the Court the extent of the movant's post-sentencing rehabilitation and acceptance of responsibility.  Information concerning the defendant's acceptance of responsibility was not properly conveyed to the Court where sentencing counsel were unable to meet with the movant prior to the eve of resentencing and thus could not document or otherwise competently address the crucial issues.  Counsel acknowledged their ineffectiveness, an extraordinary self-sacrificing gesture, in failing to properly inform themselves of the facts pertinent to the extent of the defendant's rehabilitation, contrition, and acceptance.  If counsel had done appropriate consultation, either directly or through intermediation of**

> **other counsel, they would have been aware of significant new information that**
> **would have allowed the court to reconsider its declaration that the guideline range**
> **was irrelevant and would have provided independent grounds for a lower sentence.**
> **See DE 3026:56 (DEFENDANT: "I really wanted to talk to Mr. Rogow and spend**
> **some time to see how we could proceed on certain issues.").**

Here, Movant claims that sentencing counsel was ineffective in failing to adequately confer with Movant prior to his resentencing[16] and, as such, sentencing counsel was unaware of Movant's "post-sentencing rehabilitation and acceptance of responsibility efforts." Movant maintains that his admissions of responsibility were conveyed to the Government through other counsel and sentencing counsel was not informed of these admissions. Movant claims he could not tell the Court himself of his efforts to accept responsibility because one of his attorneys advised him that if he did so, he risked suffering punitive, retaliatory measures by the Government. [DE 28 at 40-42]. Movant contends that if counsel had advised the Court of his efforts to accept responsibility, this "would have allowed the court to reconsider its declaration that the guideline range was irrelevant and would have provided independent grounds for a lower sentence."

The Court will adopt and affirm Judge Brown's recommendation and deny this claim summarily. Movant has not identified what "new" and "pertinent information" sentencing counsel should have told the Court that would have provided grounds for a lower sentence.[17] Moreover, Movant fails to object to Judge Brown's recommendation concerning this claim and, instead, renews his request to amend the Motion to Vacate, [DE 40 at 17], which, as set for the above, the Court has denied. Movant's objection is improper and inadequate because it simply fails to address Judge Brown's conclusions. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (habeas petitioner did not sufficiently object to a magistrate judge's recommendation because his objection was insufficiently clear and precise.). Thus, Claim 32 is denied.

---

[16] Movant was resentenced following the Eleventh Circuit's decision reversing the conviction as to Count 8 of the indictment. *United States v. Magluta*, 418 F.3d 1166 (11th Cir. 2005).

[17] To the extent that the "new information" referenced by Movant was provided in the affidavit filed under seal, [DE 47], the Court denied Movant's motion to file the affidavit under seal or to otherwise consider it as part of this record because it was filed after Judge Brown issued the Report and Recommendation. [DE 49, DE 54].

**Claim 35: Appellate counsel provided ineffective assistance in failing to raise as issues on appeal, under either the plenary review or abuse of discretion standards, the denial of a de novo sentencing, the denial of the motion to recuse, and the denial of defendant's motion to continue the resentencing hearing considering the factual matters known to the defendant formed the primary unresolved issue at the resentencing where counsel conceded at the resentencing that they were ineffective due to the failure to sufficiently meet with and advise the defendant prior to the resentencing, particularly where counsel acknowledged that the purpose of preparing for resentencing was to effectuate complex matters of confession and acceptance of responsibility. And where the recusal ruling was based on the clearly erroneous premise that no unresolved counts remained in the case. DE 3017:2 (stating that "there is no count for which Defendant could engage in a plea).**

In this claim, Movant maintains that appellate counsel was ineffective in failing to raise on appeal three issues: 1) denial of a *de novo* sentencing; 2) denial of the motion to recuse; and 3) denial of Movant's motion to continue the resentencing hearing. Judge Brown recommends that the Court deny this claim because Movant fails to identify the "factual matters" that constitute the "unresolved issue at resentencing." The Court affirms and adopts Judge Brown's recommendation and also denies the claim for the additional reasons set forth below.

As for appellate counsel's failure to raise, on appeal, the denial of a *de novo* resentencing, Movant acknowledges that the Court was not required to hold a *de novo* resentencing. The Eleventh Circuit instructed the Court to either reimpose Movant's sentence with a reduction of 120 months if the Government dismissed Count 8 or, at its discretion, resentence Movant on all counts for which he remained convicted. [DE 28 at 46]. *Magluta*, 418 F.3d at 1186. Accordingly, under *Strickland*, a reasonable appellate lawyer could have concluded that this issue should not be raised on appeal.[18]

Movant also maintains that appellate counsel was ineffective for failing to appeal the Court's denial of the motion for recusal. Movant claims that the Court should have recused itself because it improperly intruded into the plea process and because it planned to impose a 195-year sentence without first considering new facts or applicable law from defense counsel and allocution by Movant. [DE 28 at

---

[18] It is also noteworthy that upon Movant's appeal of the sentence imposed at resentencing, the Eleventh Circuit found the resentence "both procedurally and substantively reasonable." *United States v. Magluta*, 313 Fed. Appx. 201, 206 (11th Cir. 2008).

48-49]. As for the Court's alleged participation in the plea process, Movant insists, without explanation, that there were counts remaining to which Movant could have pled guilty. [DE 28 at 46-50]. However, at the time that Movant requested recusal, he was awaiting resentencing and the Government had already notified the Court that it intended to dismiss Count 8. (DE 2980). Accordingly, there were no counts remaining to be tried to which Movant could have pled guilty. (DE 3017 at 2). In addition, the citations Movant provides to the trial transcript concern the Court's response to assertions by Movant's counsel about Movant's post-conviction rehabilitation efforts and were not part of any plea discussion. Further, Movant's contention that the Court should have recused itself because of the statement that it planned to impose a 195-year sentence without first considering new facts or applicable law from defense counsel and allocution by the defendant is also unavailing. The Eleventh Circuit instructed the Court that if the government elected to dismiss count 8, the Court may, at its discretion, either reimpose Movant's sentence but with a reduction of 120 months, or resentence Movant for all other counts for which he remains convicted. *Magluta*, 418 F.3d at 1186. The Court chose to reduce Movant's sentence by 120 months from 205 years to 195 years. Thus, Claim 35 must be denied because Movant cannot meet the standard that no reasonable appellate counsel would have declined to appeal the denial of the motion for recusal.

With respect to the denial of the motion to continue resentencing, the Movant has failed to identify what "factual matters" he knew that formed the primary unresolved issue at resentencing. Movant has failed to submit a timely affidavit explaining these "factual matters" and has not provided this information in his Reply brief, except to say that they concern "his acceptance of responsibility, acknowledgment of culpability, and post-conviction rehabilitation. [DE 28 at 49]. Finally, Movant fails to properly object to Judge Brown's recommendation concerning this Claim 35 and, instead, renews his request to amend the Motion to Vacate, which, as set forth above, the Court has denied. Movant's objection is improper and inadequate  because it simply fails to address Judge Brown's conclusions.

*Marsden*, 847 F.2d at 1548 (habeas petitioner did not sufficiently object to a magistrate judge's recommendation because his objection was insufficiently clear and precise).

> **Claim 36:  Appellate counsel provided ineffective assistance in failing to raise on appeal the preserved error by the trial court in precluding parts of the defense closing argument and the introduction of reverse Fed. R. Crim. P. 404 (b) evidence.  An appellate argument should have been postured that the movant was deprived of his due process right to present a defense.  Beyond unfair restrictions to counsel's closing, the movant was deprived of the opportunity to present his theory of defense as a consequence of the trial court's erroneous evidentiary rulings . . .**

Here, Movant contends that appellate counsel was ineffective in failing to raise on appeal the trial court's error in precluding parts of the defense's closing argument and introduction of certain evidence. Judge Brown recommends denial of this claim because Movant did not provide record citations identifying the excluded evidence and did not provide any affidavits supporting such evidence.  [DE 39 at 21-22].  The Court declines to adopt this recommendation.  Movant provided the record citations to the trial transcript in his Reply brief.  [DE 28 at 58].  As discussed above, these citations should be considered in assessing the claim because they do not constitute new claims or new evidence and the citations were provided before the R&R was issued. In addition, the Motion to Vacate provided enough detail that the Government was on notice of the substance of these claims.  Thus, the Court will refer the part of Claim 36 dealing with exclusion of evidence, specifically parts a-e, back to Judge Brown for an additional R&R after consideration of the record citations.

However, the Court will deny the rest of Claim 36.  Movant claims that counsel was ineffective in failing to raise, on appeal, the trial court's preclusion of parts of the defense's closing argument.  While Movant provided, in his Reply brief, record citations to the portions of the trial transcript he was referring to in the Motion to Vacate, he initially provided so little detail in the Motion that the Government was left to guess at what Movant was referring to. [DE 36 1-2 at 12 stating only that "Appellate counsel provided ineffective assistance in failing to raise on appeal the preserved error by the trial court in precluding parts of the defense closing argument . . ."].  Although in responding to the Motion to Vacate, the Government correctly guessed two of the three rulings Movant believes counsel should have challenged on appeal [DE

14 at 212-214], responding to a Motion to Vacate should not require the Government to engage in mind-reading, particularly where, as here, Movant is represented by counsel and the Government's closing argument and rebuttal stretches over 218 pages of the trial transcript. Thus, because Movant has not provided any reason for why the citations were not included in the Motion to Vacate and permitting this part of the claim to go forward would prejudice the Government who was unable to respond to part of it due to vagueness, the Court will deny the part of Claim 36 that concerns the closing argument.

In addition, the Court will deny Subpart f of Claim 36 for the same reasons stated above in response to Claim 27. Lastly, Movant fails to object to Judge Brown's recommendation concerning Claim 36 and, instead, renews his request to amend the Motion to Vacate, [DE 40 at 17], which, as set forth above, the Court has denied. Movant's objection is improper and inadequate objection because it simply fails to address Judge Brown's conclusions. *Marsden*, 847 F.2d at 1548 (habeas petitioner did not sufficiently object to a magistrate judge's recommendation because his objection was insufficiently clear and precise.).

> **Claim 37: Appellate counsel provided ineffective assistance with regard to the improper actions of Gilberto Barrios, including a *Massiah* violation. DE 2289. Appellate counsel should also have raised as an issue of the denial of the movant's motion for mistrial as to the seating of an anonymous, sequestered jury, where the government obtained such a jury – with its undue pressures to reach a compromise verdict and the reduced opportunities for the defense to insure that the jurors' voir dire answers were true (indeed, whether the jurors were felons or non-citizens and whether they harbored a bias or undisclosed favoritism) – based on unconstitutionally-obtained and wholly incredible purported statements of Barrios, where without such improper and unreliable testimony, the district would not have granted the sequestration. That the government eventually had so little confidence in Barrios that he was not called as a trial witness, even though he purportedly had the most direct of incriminating confession testimony to offer, is an indication of how problematic his credibility was. Because employing a sequestered anonymous jury greatly prejudiced Magluta, the issue should at a minimum have been included as part of a cumulative trial error argument.**

In this claim, Movant asserts that appellate counsel was ineffective in failing to raise, on appeal, the "improper actions" of Gilberto Barrios, which include a *Massiah* violation and failing to appeal the denial of Movant's motion for a mistrial with respect to the seating of an anonymous, sequestered jury.

The Court adopts Judge Brown's recommendations and denies this claim summarily. Movant has not provided any record citations to support his contention that the Court relied on Barrios' statements in granting sequestration. Indeed, Movant has not specified what constitutes the alleged "wholly incredible" statements by Barrios. In fact, the Court stated that "its decision [to seat an anonymous, sequestered jury] rests on the credible evidence of the threatening phone call to the unlisted home phone of a prospective juror known only to the parties, five days before jury selection started."[19] (DE 2038 at 11). Further, Movant has not identified how he was prejudiced by a sequestered, anonymous jury. Finally, Movant fails to object to Judge Brown's recommendation concerning this claim and, instead, renews his request to amend the Motion to Vacate, which, as set forth above, the Court has denied. Movant's objection is improper and inadequate objection because it simply fails to address Judge Brown's conclusions. *Marsden*, 847 F.2d at 1548 (habeas petitioner did not sufficiently object to a magistrate judge's recommendation because his objection was insufficiently clear and precise.). Claim 37 is denied.

> **Claim 38: Appellate counsel provided ineffective assistance in failing to raise as an issue on appeal the trial court's erroneous failure to instruct the jury on the time limitations applicable to 18 U.S.C. § 1956(h) and, alternatively, 18 U.S.C. § 371, as charged in Count 2, including the time limitations applicable to the conspiracy to violate a restraining order that expired in 1996.**

Judge Brown recommends that the Court deny the claim because Movant fails to identify what instruction should have been given to the jury, why the failure to give the instruction was significant, and does not identify what "time limitations" he is referring to. The Court affirms and adopts Judge Brown's recommendation and also denies the claim for the additional reasons given below.

As for the alleged failure to instruct the jury concerning the "time limitations" applicable to 18 U.S.C. § 1956(h), as charged in Count 2 of the indictment, the background concerning this claim is explained more fully in response to Claim 40 below. However, for purposes here, Movant ignores the fact that the Court gave the following instruction:

---

[19] The Court also cited a number of other reasons for its ruling, separate and apart from the testimony of Barrios, including the nature of the obstruction of justice charges in the case. (DE 2038).

> Count 2 alleges a violation of 18 U.S.C. § 1956 (h).  This statute was not enacted until October 28, 1992.  Accordingly, in order for you find the Defendant guilty of Count 2, you must find that the conspiracy charged in Count 2 existed on and continued after October 28, 1992.  [DE 2298 at 24].

Thus, this claim lacks merit and must be denied.

Movant further asserts that appellate counsel should have raised on appeal the trial court's failure to instruct the jury that the protective order expired in 1996 and that the expiration was a pertinent factor in the jury's evaluation of the money laundering charges.  However, the parties entered into a stipulation that the protective order was dissolved on March 6, 1996 and the stipulation was read to the jury in 99-583-CR-SEITZ.  (DE 2525 at 14373-74).  In addition, other testimony was given at trial concerning the dissolution of the protective order.  (DE 2495 at 6643; 2532 at 16444-45).  Finally, defense counsel referenced the dissolution of the protective order and read the dissolution order to the jury during closing argument.  (DE 2534 at 16916:23-25; 16917:1-7).  Thus, there was no need to instruct the jury concerning this undisputed fact.  Finally, Movant has not properly objected to Judge Brown's recommendation concerning this claim.  Thus, Claim 38 is denied.

### Claim 40:  Appellate counsel provided ineffective assistance in failing to raise on appeal the trial court's error in precluding defense counsel from arguing theories based on time limitation and lesser offense objects of Count 2 and substantive offenses.

Judge Brown recommends that the Court summarily deny this claim because Movant has not specified the "theories" that defense counsel was precluded from arguing.  However, Movant states in his Reply brief that the Court precluded trial counsel from arguing that the Government had impermissibly relied on overt acts that predated the effective date of the money laundering statute, 18 U.S.C. § 1956(h).  Movant provides citations to the trial transcript that he claims support this contention.  [DE 28 at 60].  Movant maintains that appellate counsel was ineffective in failing to raise this issue on appeal.

This claim relates to Count 2 of the indictment, which charged Movant with a conspiracy from January 1979 through the return of the indictment in violation of U.S.C. § 1956 (h).  (DE 1854 at 25).  Certain substantive provisions of § 1956 did not come into effect until October 28, 1992.  Thus, the basis

25

of this ineffective assistance of counsel claim is that the Government improperly relied on overt acts that pre-dated October 28, 1992 to prove the conspiracy.

However, Movant has not provided any record citations to show that the Government, in fact, relied on overt acts that predated the money laundering statute in proving Count 2 or that Movant's conviction on this count was based exclusively on pre-enactment acts.[20]  *United States v. Monaco*, 194 F.3d 381, 386 (2nd Cir. 1999).  Indeed, the only reference made to the Government's alleged reliance on these acts in the citations provided by Movant is the indictment.  While the indictment charges overt acts that occurred before the effective date of the statute, this is permissible because the Court instructed the jury that:

> Count 2 alleges a violation of 18 U.S.C. § 1956 (h).  This statute was not enacted until October 28, 1992.  Accordingly, in order for you find the Defendant guilty of Count 2, you must find that the conspiracy charged in Count 2 existed on and continued after October 28, 1992.  [DE 2298 at 24].

Relatedly, the Government may introduce evidence from prior to the statute's enactment "to demonstrate the conspiracy's genesis, its purpose, and its operation over time."  *Monaco*, 194 F.3d at 386.  Thus, Movant has not sufficiently alleged that no appellate counsel acted unreasonably in concluding that this issue should not be raised on appeal.  Indeed, because the Court gave the proper jury instruction, Movant could not have been prejudiced by the Court's alleged preclusion of trial counsel's arguments and, as such, appellate counsel could have reasonably concluded that this issue should not be raised on appeal.  Finally, Movant has failed to properly object to the recommendation concerning this claim.  Therefore, this claim is denied.

> **Claim 42:  Appellate counsel provided ineffective assistance in failing to raise on appeal the trial court's erroneous application of a U.S.S.G. § 2J1.7 enhancement, where, on a number of grounds, such an enhancement is contrary to the purposes of the governing statute and contradicted by direct language of the governing guideline.**

---

[20] In fact, the Government need not rely on overt acts to prove a money laundering conspiracy in violation of § 1956(h).  *Whitfield v. United States*, 543 U.S. 209, 219 (2005).

Judge Brown recommends that the Court deny this claim because it does not identify the "grounds" upon which appellate counsel should have challenged the enhancement. However, Claim 42 relates closely to Claim 30,[21] which is written in a more substantive manner.  Indeed, as is evident from its response to the Motion to Vacate, the Government was on notice of the relatedness of these claims and the substance of both.  [DE 14 at 236-37 (referring back to Government's response to Claim 30)]. Thus, the Court declines to adopt Judge Brown's recommendation, but denies the claim anyway for the reasons discussed below.

By way of background, Section 2J1.7 states that: "If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense committed while on release."  On Movant's first appeal, he challenged the application of the enhancement but not pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  2006 WL 4402521, at 25.  The Eleventh Circuit found that any error in calculating Movant's sentence was harmless because the Court stated that it would reach the same sentence even if the guidelines calculations were erroneous.  *Magluta*, 418 F.3d at 1184.  On Movant's second appeal, the Eleventh Circuit declined to consider the arguments Movant asserted as to the Section 2J1.7 enhancement because Movant had not raised those arguments on his first appeal.  *Magluta*, 313 Fed. Appx. at 205.

In this claim, Movant maintains that appellate counsel was ineffective in failing to raise the *Apprendi* challenge to the § 2J1.7 enhancement on Movant's first appeal.  [DE 1-2 at 14-15; 28 at 38-40].  However, as set forth above, in its opinion concerning Movant's first appeal, the Eleventh Circuit found that any error in the sentence calculation was harmless because the Court stated that it would reach the same sentence even if the guidelines calculations were erroneous.  *Magluta*, 418 F.3d at 1184.  Thus, Claim 42 is denied.

**Claim 43: Appellate counsel provided ineffective assistance in failing to raise on appeal the violation of the right a criminal defendant (under the Due Process Clause and Fed. R. Crim. P. 43 and consistent with Sixth Amendment confrontation**

---

[21] Claim 30 is not a subject of the instant R&R addressed herein.

principles) to presence at the October 6, 2006 status conference, which, in light of the effect given to the sentencing ruling at that hearing as found in the decision of the court of appeals on the second appeal, was a de facto sentencing and where the complete absence of personal interaction with counsel prior to the hearing meant that only the defendant could have done something at that point to clarify and expand upon the record regarding the issues of principal concern as noted by the sentencing court.

Movant asserts that appellate counsel was ineffective in failing to raise, on appeal, that Movant's rights were violated because he was not present at the October 6, 2006 status conference. Judge Brown recommends that the Court summarily deny this claim because Movant states that he "could have done something," but fails to specifically identify what he is referring to. As such, Movant fails to identify any prejudice which may have been caused by counsel's alleged error. The Court affirms and adopts Judge Brown's recommendation. In addition, Movant was not sentenced at this conference and no evidence was taken. (DE 3007). Instead, counsel argued whether Movant's presence was required at the resentencing and whether the Court should conduct a *de novo* resentencing. (*Id.*). Thus, because Rule 43 of the Fed. R. Crim. P. provides that the defendant's presence is not required when "[t]he proceeding involves only a conference or hearing on a question of law," Claim 43 must be denied for this additional reason. Lastly, Movant fails to object to Judge Brown's recommendation concerning this claim and, instead, renews his request to amend the Motion to Vacate, which, as set forth above, the Court has denied. Movant's objection is improper and inadequate objection because it simply fails to address Judge Brown's conclusions. *Marsden*, 847 F.2d at 1548 (finding that objections to a magistrate's report and recommendation must specifically identify the findings objected to and that the district court need not consider conclusive or general objections).

### b. Claims of Prosecutorial Misconduct (Claims 8, 9, 12, 23, 44, 45)

"[T]he bar for granting habeas based on prosecutorial misconduct is a high one." *Land v. Allen*, 573 F.3d 1211 (11th Cir. 2009). Prosecutorial misconduct can only be a basis for relief if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986); *Brooks v. Francis*, 716 F.2d

28

780, 788 (11th Cir. 1983). The Eleventh Circuit has recognized that "[a] conviction will be set aside for prosecutorial misconduct where the prosecution knowingly introduces false information and there is a reasonable likelihood that the false testimony prejudiced the defendant's rights." *United States v. Caporale*, 806 F.2d 1487, 1514 (11th Cir. 1986), *cert. denied*, 483 U.S. 1021, 107 S. Ct. 3265, 97 L. Ed. 2d 763 (1987). An evidentiary hearing is required only when the Movant comes forward with allegations of prosecutorial misconduct that are not merely conclusory and are support by a factual basis. *Lynn*, 365 F.3d at 1238-39; *Iacovetti v. United States*, 534 F.2d 1189, 1190 (5th Cir. 1976); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (finding no evidentiary hearing required where movant alleged that the Government knowingly used perjured testimony, made false statements about evidence and suppressed evidence, and failed to correct inaccurate testimony of Government witnesses and the movant included portions of the trial transcript and a sworn statement by a government agent).

> **Claim 8: Violation of the Fifth Amendment's due process clause and Sixth Amendment right to jury trial due to presentation of impermissible theory of guilt, exceeding scope of the criminal statute. The government improperly relied at trial, and the jury was erroneously permitted to convict, as to Counts 2 and 34-41, on statutorily unsupported theories of the key components of the charges, including the terms "designed," "knowingly," "conducts," and "transaction" (transfer/writing), and the use of a theory of concealment that is invalid under intervening Supreme Court precedent. Regalado Cuellar v. United States, 128 S. Ct. 1994 (2008) (rejecting government position that purposeful concealment of transportation of illegal proceeds satisfied § 1956 element of design to conceal). The convictions thereby violated the movant's due process rights and right to jury determination of the relevant issues, by exceeding the permissible scope of the statute, warranting vacation of the convictions and, alternatively, the conditional granting of a new trial.**

In this claim, Movant avers that the Government's theory concerning the "designed to . . . conceal or disguise element of the money laundering statute," is not consistent with *Cuellar*. In *Cuellar*, the Supreme Court interpreted the "designed to . . . conceal or disguise element" of the "transportation" section of the money laundering statute, 18 U.S.C. § 1956 (a)(2)(B)(i), and held that "merely hiding funds during transportation was not a violation of the statute and that the government must prove that the transportation had the purpose of concealing the source or ownership of the funds." *Ortiz-Alvear v. U.S. Att'y General*, 429 Fed. Appx. 955, 957 (11th Cir. June 14, 2011) (*citing Cuellar*, 553 U.S. at 568)

(unpublished).  Judge Brown recommends partial denial of this claim with respect to Movant's general

allegation that the jury was permitted to convict, as to Counts 2 and 34-41, on "statutorily unsupported

theories of the key components of the charges, including the terms "designed," "knowingly," "conducts,"

and "transaction" (transfer/writing).  Movant objects and, on the one hand, maintains that "claims of

inadequate definition of instructional terms are regularly heard and resolved by Courts," [DE 40 at 12]

and, on the other hand, asserts that Movant's Reply brief and other claims in the Motion to Vacate,

specifically Claims 9, 10, and 12 clarify the basis for Claim 8 as to the "statutorily unsupported theories

of key components of the charges."  [DE 46 at 7-8].  The Court affirms and adopts Judge Brown's

recommendation to deny the "statutorily unsupported theories of key components" part of Claim 8.  Even

looking at Claims 9, 10, and 12 and the Reply brief, the Court cannot ascertain what Movant is referring

to.  To the extent, this part of the claim relates to the "dumb lawyer" theory, the Court has discussed

Movant's challenge to this alleged theory in response to Claims 9, 16, 17, and 19.[22]

> **Claim 9: Violation of the Fifth Amendment's due process clause in the government's failure
> to fully comply with the obligation to disclose information material to the defense for
> purposes of trial or sentencing and the government's reliance on an evidentiary theory that
> the government new to be unsound and unreliable . . .**

This claim is multi-faceted.  First, Movant contends that the Government relied on two false

factual premises with respect to the money laundering counts, namely that the attorneys who received the

checks were unaware of the source of the funds ("the dumb lawyer argument") and that the payments

were made to the attorneys to avoid the protective order, which was no longer valid when the payments

were made.  Movant further avers that the Government failed to disclose evidence to Movant that

undermined the Government's theory that the attorneys who received the checks were unaware of where

the money came from.  Lastly, Movant maintains that the evidence presented at trial did not establish that

the purpose of Movant making payments to his attorneys with checks under a false name was

---

[22] The Court will wait to rule on the portion of the claim in which Movant contends that the Government's
theory concerning the "designed to . . . conceal or disguise element of the money laundering statute," is not
consistent with *Cuellar* until it has received an R&R addressing this part of the Claim 8.

concealment. Rather, the Government's evidence showed only that the transportation of the funds in this manner was for concealment, which is insufficient for conviction under the money laundering statute pursuant to *Cuellar*.

Judge Brown recommends that the Court summarily deny Claim 9 because (1) Movant failed to cite the record or to an affidavit to support his position that the lawyers receiving the checks knew of the source or falsity of the checks; and (2) Movant failed to provide record cites to establish that the Government relied on the "dumb lawyer argument." Movant objects and provides record citations, which he alleges demonstrate that the Government relied on the "dumb lawyer argument." Movant also contends that he provided citations to the record in his Reply brief. In addition, Movant contends that his own affidavit, which was submitted as part of his Reply in support of his Motion to Vacate ("Appendix D") also support his position concerning the "dumb lawyer argument." [DE 40 at 12-13].

As set forth above, the Court affirms Judge Brown's recommendation to deny Movant leave to amend his Motion to Vacate to include Movant's affidavit. Moreover, portions of the Government's closing argument dispel Movant's contention that the Government relied on the "dumb lawyer argument." (DE 2533 at 16587-90). In addition, the only witness the Government called, who is identified in the indictment as receiving the checks specified in Counts 34-41, is attorney Scott Srebnick. Mr. Srebnick testified that he knew that the checks he received, which were drawn on overseas banks and were from individuals Mr. Srebnick did not know, were provided in exchange for representing Movant and co-defendant Willie Falcon. (DE 2495 at 6649-6661). In addition, this claim rests on the assumption that the section of the money laundering statute under which Movant was charged, § 1956 (a)(1)(B)(i), requires the Government to prove that Movant intended to conceal or disguise the attributes of the drug proceeds from the attorneys who received the checks and that the attorneys were unaware of these attributes. However, the Government need only prove that Movant intended to conceal/disguise the attributes from authorities, not from the attorneys who were parties to these transactions. *Hasson*, 33 F.3d at 1274-; *Williams*, 605 F.3d at 564-67. Moreover, Movant has failed to provide any record citations or

affidavits to demonstrate that the Government failed to disclose certain evidence and has failed to identify the alleged undisclosed evidence with any specificity.

Movant also contends that the Government relied on a false theory that the payments were made to the attorneys to avoid the protective order, which was no longer valid when the payments were made. However, as set forth above, the parties entered into a stipulation that the protective order was dissolved on March 6, 1996 and the stipulation was read to the jury in 99-583-CR-SEITZ. (DE 2525 at 14373-74). In addition, other testimony was given at trial concerning the dissolution of the protective order. (DE 2495 at 6643; 2532 at 16444-45).  Finally, defense counsel referenced the dissolution of the protective order and read the dissolution order to the jury during closing argument.  (DE 2534 at 16916:23-25; 16917:1-7).  Thus, this information was before the jury and the Government did not rely on a false theory in this regard.

Finally, with respect to the entirety of this claim, Movant fails to present any evidence that the Government knowingly proceeded on false theories. *Caporale*, 806 F.2d at 1514. Thus, Claim 9 must be denied.

### Claim 12: Violation of the Fifth Amendment's due process clause and Sixth Amendment right to jury trial due to presentation of impermissible theory of guilt, exceeding scope of the criminal statute . . .

The basis for this claim is that although Movant was charged with "concealment" money laundering, he claims that the Government relied on the theory of "proceeds" money laundering to obtain a conviction.[23]   This, Movant maintains, constitutes double jeopardy because promotional money laundering is also a violation of the drug conspiracy statute and the jury in 98-583-CR-SEITZ may have found, in convicting Movant, that the money at issue was used as part of the drug business when Movant had already been acquitted of the drug conspiracy charges in 91-6060-CR-MORENO.  In addition,

---

[23] "Concealment" money laundering is engaging in financial transactions with the proceeds of specified unlawful activity knowing that the transactions are designed in whole or in part *to conceal or disguise the nature, the location, the source, the ownership, or the control of the funds.*   18 U.S.C. §1956(a)(1)(B)(i). (emphasis added). "Promotional" money laundering is engaging in financial transactions with the proceeds of specified unlawful activity *with the intent to promote the carrying on of specified unlawful activity.*  18 U.S.C. §1956 (a)(1)(A)(i). (emphasis added).

Movant contends that under *United States v. Santos*, 553 U.S. 507 (2008) and *Clark v. Martinez*, 543 U.S. 371, 379-80 (2005), the jury was not properly instructed that "proceeds" for purposes of Counts 2 and 34-41 meant profits as opposed to receipts.

Judge Brown recommends that the Court summarily deny this claim because Movant has failed to provide record citations to support his contention that the Government improperly relied on an "actual proceeds theory" and that Movant failed to identify any particular jury instruction that was erroneously given or omitted. Movant objects and asserts that he provided citations to the record to support this claim in his Reply brief. Movant did provide citations to four pages of the trial transcript in his Reply brief. [DE 28 at 23]. However, these pages of the transcript, which comprise an excerpt of the Government's opening statement, do not establish that the Government relied on a theory of promotional money laundering as opposed to concealment money laundering. Indeed, the Government frequently references the concealment of the funds during opening statement. (DE 2472 at 16-17, 56-58). Moreover, Movant has not provided any record citations to the evidence at trial suggesting that the Government proceeded on a "proceeds" money laundering theory as opposed to a "concealment" theory. While Movant repeatedly insists that he provided citations to the evidence at trial in support of this claim, (DE 40 at 15, DE 46 at 9), the only citations provided are to the Government's opening statement, which is not evidence.

Moreover, the portion of this claim in which Movant avers that the jury was not properly instructed pursuant to *Clark* and *Santos*, is without merit. *Santos* is inapplicable to this case as the Eleventh Circuit has repeatedly found that it applies only to money laundering charges involving receipts for unlicensed gambling operations. *See United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009); *United States v. Jennings*, 599 F.3d 1241, 1252 (11th Cir. 2010). The instant case clearly involves drug proceeds. Further, *Clark* appears to be wholly irrelevant as it involves detention of aliens. Thus, Claim 12 must be denied.

**Claim 23: Constructive amendment of the indictment in violation of the Fifth Amendment grand jury clause.  The conviction of Count 6 is facially invalid where the government constructively amended the charge.  Contrary to the indictment, Oscar Mas did not claim**

33

he was offered money to give "false exculpatory" testimony. He instead claimed he was asked to give mere collateral impeachment evidence that might or might not have been admissible. In light of multiple issues undermining the credibility of the Mas claims, the constructive amendment was substantially and unfairly prejudicial.

The basis of this claim is explained above in response to Claim 25. The record citations provided by Movant do not establish that the government constructively amended Count 6. Thus, Claim 23 is denied.

### Claim 44: Violation of the Due Process Clause and the Eighth Amendment in sentencing the movant on the basis of materially inaccurate and incomplete facts . . .

This claim is based on Movant's contention that prior to resentencing, he admitted to his crime, expressed remorse, and accepted responsibility, that the Government knew about Movant's efforts, threatened Movant that if he informed the Court, the Government would take retaliatory and punitive action against him, and that the Government did not inform the Court prior to resentencing of Movant's efforts thereby committing prosecutorial misconduct.   Judge Brown recommends that the Court summarily deny this claim because Movant fails to identify what actions he took to accept responsibility and fails to state who advised him that the Government would take punitive or retaliatory actions against him if he told the Court about the efforts he had undertaken to accept responsibility for his actions. In his Reply brief, Movant states that his counsel, Jeffrey S. Weiner, told him that the Government had warned that it would engage in punitive or retaliatory measures toward the Movant if the Movant advised the Court of his efforts to accept responsibility.  [DE 28 at 63-64].  However, the Movant fails to identify what the efforts were that he allegedly undertook to accept responsibility for his actions.  Movant asserts in the Reply brief that he submitted an affidavit (Appendix D) concerning the actions he took to take responsibility, but, as set forth above, the Court will not consider this affidavit and even if it did, the affidavit does not address this issue.  Further, Movant maintains that he will submit affidavits from Yadira Reyeros and Neil Schuster, but Movant did not file these affidavits and, even if he had, the Court would not consider them due to undue delay and prejudice to the Government.  In addition, in the Reply brief, Movant refers to the affidavit of Alan Ross.  The Court previously declined to permit Movant to file

this affidavit.  [DE 49, DE 54].  Thus, Movant has failed to identify the efforts he engaged in to take responsibility for his actions.

Finally, Movant fails to object to Judge Brown's recommendation concerning this claim and, instead, renews his request to amend the Motion to Vacate, which, as set forth above, the Court has denied.  Movant's objection is an improper and inadequate one because it simply fails to address Judge Brown's conclusions.  *Marsden*, 847 F.2d at 1548 (habeas petitioner did not sufficiently object to a magistrate judge's recommendation because his objection was insufficiently clear and precise.).

Thus, this claim must be summarily denied.

### Claim 45: Violation of the Due Process Clause in regard to government's failure of production and disclosure of material evidence at sentencing, including presentation of materially incomplete or false information . . .

This claim is very similar to Claim 44.  In Claim 45, Movant contends that the Government knew about his efforts to accept responsibility for his actions prior to resentencing and provided false, incomplete, and misleading information to the Court concerning Movant's failure to accept responsibility.  Judge Brown recommends summary denial of this claim because Movant fails to identify what steps he took toward accepting responsibility and how the prosecution was aware of these efforts.  For the reasons set forth above in response to Claim 44, Claim 45 is also denied.

### c. Failure to Give Proper Jury Instruction-Claim 10

In order for a prisoner to obtain habeas relief in challenging a jury instruction, the prisoner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process not merely that the instruction is undesirable, erroneous, or even universally condemned." *Frady*, 456 U.S. at 169.  In Claim 10, Movant alleges that the instruction given with respect to Counts 2 and 34-41 was improper because it failed to sufficiently direct the jurors "to focus on whether the defendant's purpose in conducting the transaction was to conceal statutorily pertinent aspects of the proceeds, rather than on the effective or intended concealment in the use of a mode of transacting, [and thus] the jury was misled as to the crucial elements regarding money laundering charges."  The Court

gave the following instruction as to the money laundering counts, which Movant fails to identify in his

Motion papers:

> The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:
>
> First: That the Defendant knowingly conducted, attempted to conduct, or caused to be conducted a "financial transaction" as hereafter defined;
>
> Second: That the Defendant knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity;
>
> Third: That the funds or property involved in the financial transaction did in fact represent the proceeds of "specified unlawful activity" – in this case the proceeds of narcotics trafficking; and
>
> Fourth: That the Defendant engaged in the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of such unspecified unlawful activity.

(DE 2298 at 25).

The fourth portion of the instruction clearly instructs the jury that the Defendant must have

engaged in the transaction knowing that it was designed to conceal the proceeds of narcotics trafficking.

Indeed, the instruction tracks the language of the statute – 18 U.S.C. § 1956(a)(1)(B)(i).  Movant fails to

adequately allege how the instruction given by the Court is contrary to the Supreme Court's decision in

*Cuellar*.  Movant also fails to offer an alternative jury instruction.  Accordingly, this claim is summarily

denied.

### d. Right of Movant to Testify on his own Behalf-Claim 34

**Claim 34: Violation of the defendant's right to an independent evaluation of the exercise of Fifth Amendment's rights regarding testimony in his own behalf. Fundamental error resulted from the conducting of an in-trial voir dire of the movant regarding his potential testimony where the result of the colloquy was ambiguous, but appeared to preempt further consideration of whether the defendant would testify, and where a fair reading of the colloquy showed that the defendant was attempting to state that he had not resolved whether to testify and under what conditions.**

Judge Brown recommends that the Court summarily deny this claim because Movant fails to

identify the portion of the record that he refers to in this claim.  Judge Brown further recommends denial

36

because Movant does not affirmatively state that he would have testified at trial.  However, in his Reply brief, Movant provides record citations to the colloquy referred to in the claim, which the Court has considered.  [DE 28 at 45-46].  The Court will deny this claim for two reasons.  First, Movant does not state in his Motion to Vacate that he would have testified at trial.  The only affirmative statement by Movant is in his affidavit ("Appendix D"), which, as set forth above, the Court has rejected as untimely and prejudicial.  Second, in reading the colloquy as a whole, it is clear that Movant understood his right to testify, that he had discussed it with counsel throughout the trial, and the considerations he weighed in reaching the ultimate decision not to testify.  (DE 2532 at 16280-84).  His statement reflects a knowing, voluntary, and intelligent waiver.  At that point, any further Court inquiry would have inappropriately disturbed the attorney-client relationship.  *United States v. Van de Walker*, 141 F.3d 1451, 1452 (11th Cir. 1998).  Moreover, to the extent this claim is one for ineffective assistance of counsel, Movant does not demonstrate prejudice much less a reasonable probability that the trial results would have been different but for counsel's alleged deficient performance. Thus, the Court denies this claim.

### e. Cumulative Trial Error-Claim 22

Movant contends that the Court committed error in that impermissible hearsay was introduced as to the "principal and overarching charge of the indictment – obstruction of justice through jury bribery." Movant further contends that there were "multiple trial and indictment errors," which created a "fundamentally unfair framework for jury evaluation of the obstruction and other charges." In his Reply brief, Movant maintains that the admission of the hearsay statements with respect to Count 8 "effected a spillover of prejudice that precluded the jury's fair evaluation of the entirety of the obstruction charges, as well as additional charges . . ." Movant further avers that "[t]he highly charged nature of the improper Moya hearsay evidence attributing to [Movant] an involvement in bribing jurors to obtain a favorable verdict in his previous criminal case, and the similarity of the evidence with respect to the remaining obstruction  and other charges resting on bribery as well as related attempts to manipulate and evade court processes, gave rise to a substantial likelihood of juror taint as a consequence of the improper Moya

evidence." [DE 28 at 31]. Judge Brown recommends that the Court deny Claim 22 because Movant fails to provide record citations for his characterization of the obstruction of justice through jury bribery charge as the "principal and overarching charge of the indictment" and fails to identify the "multiple trial and indictment errors" or to specify how they relate to each particular charge. The Court affirms and adopts Judge Brown's recommendation to deny this claim because it is vague, conclusory, and lacks citations to the record to support the contentions made by Movant. Further, the Court also denies the claim for the same reasons discussed above in response to Claim 27.

## II. CERTIFICATE OF APPEALABILITY

Finally, the Court will deny issuance of a certificate of appealability as to the claims addressed in this Order. In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if Movant demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted); *see Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010). Here, the Court must deny the certificate of appealability as Movant has not met this standard.

## III. CONCLUSION

The Court will affirm and adopt the R&R, in part, and deny the claims for the reasons set forth above. Accordingly, upon review, it is

ORDERED that

(1) The Court AFFIRMS and ADOPTS, in part, Judge Brown's finding of facts and recommendation to deny the claims set forth above. [DE 39].

(2) For the reasons set forth above, Claims 9, 10, 12, 16, 17, 19, 22, 23, 24, 25, 27, 28, 29, 32, 34, 35, 37, 38, 40, 42, 43, 44, and 45 of the Habeas Petition [DE 1] are DENIED and Claims 8 and 36 of the Petition are DENIED IN PART. [DE 1].

38

(3) Claim 36 dealing with exclusion of evidence, specifically parts a-e, is REFERRED BACK to Judge Brown for an additional Report and Recommendation after consideration of the record citations provided in Movant's Reply Brief, [DE 28 at 58].

(4) Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability is DENIED as to Claims 9, 10, 12, 16, 17, 19, 22, 23, 24, 25, 27, 28, 29, 32, 34, 35, 37, 38, 40, 42, 43, 44, and 45 and as to the portion of Claims 8 and 36 ruled on herein.

DONE and ORDERED in Miami, Florida, this 14th day of February, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Honorable Stephen T. Brown
        Counsel of Record